# EXHIBIT 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIKHAIL GERSHZON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:23-cv-00083-SI<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Action Filed: January 6, 2023<br><br>Honorable Judge Susan Illston |

WHEREAS, the Parties hereto desire to obtain a protective order to prevent dissemination or disclosure of information and tangible things which are believed to be confidential and proprietary by the holder thereof; and

WHEREAS, such information and tangible things likely will include, among other things, sensitive, confidential, proprietary, trade secret, and/or private information;

IT IS HEREBY STIPULATED, and subject to the Court's approval, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following provisions govern the disclosure and discovery of information and tangible things in these proceedings.

1.     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information and tangible things that are entitled to confidential treatment under the applicable legal principles.  All confidential documents and

information produced in this action may be used solely for the purpose of litigating the instant action and its use in other legal actions or otherwise is expressly prohibited, except as otherwise ordered by this Court or any other court.

**2.      DEFINITIONS**

2.1      Challenging Party:  A Party or Non-Party that challenges the designation of Disclosure or Discovery Material under this Stipulated Protective Order.

2.2      "CONFIDENTIAL" Protected Material:  Any Disclosure or Discovery Material (regardless of how it is generated, stored or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c), or the disclosure of which may cause harm to a Party or Non-Party.

2.3      Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4      Designating Party:  A Party or Non-Party that designates Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5      Disclosure or Discovery Material:  All information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony and transcripts), that are produced, disclosed or used in this matter.

2.6      Expert:  A person identified to serve as an expert witness or as a consultant in this action who is qualified as an expert by knowledge, skill, experience, training, or education in accordance with Federal Rule of Evidence 702.

2.7      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material: "CONFIDENTIAL Protected Material," disclosure of which to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means, including but not limited to:  Plaintiffs' names and information sufficient to identify their Facebook and Instagram accounts (once provided to Meta), personally identifiable information, protected health information, and any documents disclosing information relating to Plaintiffs' health or healthcare;

STIPULATED PROTECTIVE ORDER
Case No. 3:23-cv-00083-SI

proprietary design and development materials for products and/or services, sensitive products and/or services, and strategic decision-making information.

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material: "Protected Material" representing or consisting of Source Code as defined in Section 2.17.

2.9     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity who is not a Party (as defined below) in this action.

2.10    Outside Counsel of Record:  Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party.

2.11    Party:  Any party to this action, including all of its officers, directors, and employees.

2.12    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE," or is otherwise within the scope of protected information identified in Section 3.

2.15    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

2.16    Source Code:  Extremely sensitive computer code and associated comments, revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms, computer code, or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**3.**   **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) all documents and any other format reproducing, capturing, or otherwise incorporating any Protected Material; and (4) any testimony, conversations, or presentations by Parties, Non-Parties, or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information:  any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain, including becoming part of the public record through trial or otherwise, after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, another Court's Order, unlawful conduct, or a breach of any confidentiality obligation otherwise owed to the Designating Party.  Notwithstanding the foregoing, this section does not apply to documents or information of another Party that are leaked without permission or otherwise disseminated without appropriate authorization to the public at large or published by a media organization. Any use of Protected Material at trial will be governed by a separate agreement or order.

**4.**   **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

STIPULATED PROTECTIVE ORDER
Case No. 3:23-cv-00083-SI

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  To the extent it is impractical to do so (for example where the platform on which the material, documents, items, or oral or written communications are being reviewed does not allow for designation of only those parts that qualify), the Designating Party shall identify the specific portions of the material that qualify for protection on a separate document to the Receiving Party within 7 days of production.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the mistaken designation.

5.2    Subject to Section 3, if a Party obtains any documents or information of another Party that it knows or has reason to believe was taken from, leaked without permission, or otherwise disseminated without appropriate authorization of a Party, prior to any access, disclosure, or use of such documents or information, the obtaining Party must provide the Party from whom the documents or information originated with an opportunity to review the documents or information to determine confidentiality and designation under this Stipulated Protective Order as well as any applicable privileges or protections from discovery.

5.3 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      <u>for Protected Material in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.  For Protected Material that is produced in native electronic format, the designation legend must be included in the file name and on any slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

(b)      <u>for testimony given in deposition or other pretrial hearing,</u> that the Designating Party either (1) identifies on the record or (2) identifies, in writing, within 21 calendar days of receipt of the final transcript, that the transcript must be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  To the extent a deponent gives testimony regarding exhibits that are designated Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition.

Parties shall give the other Parties notice if they reasonably expect a deposition or other pretrial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material must have an obvious legend on the title page that the transcript contains Protected Material, and the title page must be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  During the 21-day period for designation, Parties shall treat any transcript that was not designated on the record pursuant to the first paragraph of Section 5 above as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety.  After the expiration of that period or of such earlier time that such transcript is designated, the transcript will be treated only as actually designated.

(c)  for information contained in written discovery responses, the responses may be designated as containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information by means of a statement at the beginning or conclusion of each response that contains such information specifying the level of designation of the Protected Material and by placing a legend on the front page of such discovery responses stating: "CONTAINS CONFIDENTIAL INFORMATION/[the highest level of designation contained in the responses]."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted for each protected portion.

(d)  for Protected Material produced in some form other than documentary and for any tangible things, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted for each protected portion.

5.4     Inadvertent Failure to Designate.  An inadvertent failure to designate Protected Material does not waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order, which may require, to the extent reasonably practicable, a Party to withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation.

In the event that a Producing Party inadvertently fails to designate Protected Material, the Producing Party shall give written notice of such inadvertent production (the "Inadvertent Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation.  Upon receipt of an Inadvertent Production Notice and properly labeled Protected Material, the Receiving Party shall promptly destroy the inadvertently produced Protected Material and all copies thereof or return such Protected Material together with all copies of such Protected Material to counsel for the Producing Party.  Should the Receiving Party choose to destroy such inadvertently produced Protected Material, the Receiving Party shall notify the Producing Party in writing of such destruction within 14 calendar days of receipt of the Inadvertent Production Notice and properly labeled Protected Material.  This provision is not intended to apply to any production of any document, material, or testimony protected by attorney-client or work product privileges, which is separately addressed in a separate 502(d) order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order.  The Challenging Party and the Designating Party must attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or videoconference; other forms of communication are not sufficient) within 14 calendar days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Parties shall submit a joint statement as provided by the Court's Standing Order for Civil Cases or, if a joint statement is not possible, the Challenging Party and the Designating Party may each submit an individual statement in accordance with the Court's procedures for disputes relating to discovery matters within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  If the Challenging Party files an individual statement, and the Designating Party does not file an individual statement, the challenged confidentiality designation shall be automatically waived.  The Designating Party may also initiate the joint statement process relating to its designation.  The burden of persuasion in any such challenge is on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the material in question the level of protection to

which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1      Basic Principles.

(a)      A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation and associated appeals.

(b)      Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

(c)      A Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION) for the Duration of this Stipulated Protective Order.

(d)      A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2      Data Security of Protected Material. The Receiving Party will ensure the security of Protected Material by having Protected Material maintained by and/or stored with a secure eDiscovery/litigation support site(s) or claims administrator that maintains an information security program that aligns with standard industry practices regarding data security.

Any Protected Material in paper format must be maintained in a secure location with access limited to persons entitled to access the Protected Material under this Stipulated Protective Order. The Receiving Party will take reasonable steps to limit the number of copies that are made of another Party's Protected Material that is produced in paper format.

If a Receiving Party or any person in possession of or transmitting another Designating Party's Protected Material discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Designating Party's Protected Material, the Receiving Party or any person in possession of or transmitting a Designating Party's Protected Material shall:  (1) promptly provide written notice to the Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to

STIPULATED PROTECTIVE ORDER
Case No. 3:23-cv-00083-SI

Designating Party that such breach will not reoccur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party or any person in possession of or transmitting any Protected Material agrees to cooperate, to the extent reasonably practicable, with the Designating Party in investigating any such security incident.  In any event, the Receiving Party or any person in possession of or transmitting any Protected Material shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

7.3     Disclosure of "CONFIDENTIAL" Protected Material.  Unless otherwise ordered by the Court (whether in response to a motion by the Receiving Party, which motion the Receiving Party is permitted to make, or otherwise) or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who are not past or current employees or contractors of a Party or of a Party's competitor, (3) who, at the time of retention, are not anticipated to become employees or contractors of a Party or of a Party's competitor (a fellow or intern shall not be considered an employee), and (4) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, videographers, and their staff;

STIPULATED PROTECTIVE ORDER
Case No. 3:23-cv-00083-SI

(f)     professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material;

(i)     any mediator, settlement officer, or similar third-party neutral evaluator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(j)     the named Plaintiffs who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.4     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material</u>.  Unless otherwise ordered by the Court (whether in response to a motion by the Receiving Party, which motion the Receiving Party is permitted to make, or otherwise) or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who are not past or current employees or contractors of a Party or of a Party's competitor, (3) who, at the time of retention, are not anticipated to become employees or contractors of a Party or of a Party's

competitor (a fellow or intern shall not be considered an employee), and (4) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the Court and its personnel;

(d)     court reporters, videographers, and their staff;

(e)     professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(g)     any mediator, settlement officer, or similar third-party neutral evaluator who is assigned to this matter and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(h)     employees of a Party who reasonably need such information in order to preserve and collect Disclosure or Discovery Material.

7.5     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material.  Unless otherwise ordered by the Court (whether in response to a motion by the Receiving Party, which motion the Receiving Party is permitted to make, or otherwise) or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     up to five Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who are not past or current employees or contractors of a Party or of a Party's competitor, (3) who, at the time of retention, are not anticipated to become employees or contractors of a Party or of a Party's competitor (a fellow or intern shall not be considered an employee), and (4) who have signed the

STIPULATED PROTECTIVE ORDER
Case No. 3:23-cv-00083-SI

1   "Acknowledgment and Agreement to Be Bound" (Exhibit A).  The Receiving Party may request

2   permission to disclose "HIGHLY CONFIDENTIAL – SOURCE CODE" to additional, specific

3   Experts, and the Producing Party will not unreasonably deny such request;

4              (c)     the Court and its personnel;

5              (d)     court reporters, videographers, and their staff;

6              (e)     professional jury or trial consultants (but not mock jurors) who have signed

7   a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably

8   necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

9   Bound" (Exhibit A);

10             (f)     the author or recipient of a document containing the Protected Material or a

11  custodian who otherwise possessed or knew the Protected Material; and

12             (g)     any mediator, settlement officer, or similar third-party neutral evaluator

13  who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and

14  Agreement to Be Bound" (Exhibit A).

15       7.6     Procedures for Approving or Objecting to Disclosure of "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

17  CODE."

18             (a)     Unless otherwise ordered by the court or agreed to in writing by the

19  Designating Party, a Party that seeks to disclose to an Expert (pursuant to Sections 7.4 and 7.5)

20  any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

21  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written

22  request to the Designating Party that (1) identifies the general categories of "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL –

24  SOURCE CODE" information that the Receiving Party seeks permission to disclose to the

25  Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary

26  residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current

27  employer(s), (5) identifies each person or entity from whom the Expert has received

28  compensation or funding for work in his or her areas of expertise or to whom the expert has

provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must be based on a reasonable concern that disclosure would create substantial risk of serious harm and set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (in person or videoconference) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Parties shall jointly submit a letter to the Court as provided in the Court's Standing Order for Civil Cases.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.     DISCLOSURE AND INSPECTION OF SOURCE CODE

(a)     To the extent production or disclosure of Source Code is requested in this case, a Producing Party may designate it as "HIGHLY CONFIDENTIAL - SOURCE CODE."

(b)     Any Source Code that is offered for inspection must be given all protections of "HIGHLY CONFIDENTIAL – SOURCE CODE" and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed, as set forth in Paragraph 7.5 and 7.6.

(c)     Any Source Code produced in discovery will be made available for inspection upon reasonable notice to the Producing Party, which must not be less than five (5) business days in advance of the requested inspection.  A secured computer containing the Source

Code in a format allowing it to be reasonably reviewed and searched ("Source Code Computer"), will be made available during normal business hours (9:00 am to 5:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's Counsel or another mutually agreed upon location.  The Source Code will be produced in original and native format, and in a format where versions of the Source Code may be extracted.  The Source Code inspection must occur in a room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.  The Receiving Party's representatives will be provided a separate secure room with a table and chairs (separate from the room with the Source Code Computer) at the office where the Source Code review occurs, where the Receiving Party's representatives will be able to work outside of the room with the Source Code Computer and store their belongings.  All persons entering the inspection room where the Source Code is being viewed shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart.

(d)     The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Using the software available on the Source Code Computer, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date.  The

STIPULATED PROTECTIVE ORDER
Case No. 3:23-cv-00083-SI

request for printed Source Code must be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is requesting. Within five (5) business days of such request, the Producing Party shall provide two copies of all such Source Code on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." If the request is served after 5:00pm Pacific Time, it will be deemed served the following business day. The two copies of Source Code shall be provided via overnight mail to the address identified in the email request. The Producing Party may challenge the amount of source code requested in hard copy form. Any disputes about the amount of Source Code to be provided in hard copy form will be resolved by the Court if the parties are unable to reach agreement.

(e)     The Receiving Party shall maintain a log of all paper copies of the Source Code. The log must include the names of all reviewers and recipients of paper copies, dates and times of inspection, and locations where each paper copy is stored.

(f)     The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in accordance with Section 9(h) below. The Receiving Party is prohibited from creating any electronic or other images or making electronic copies of the Source Code from any paper copy of the Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the paper copy Source Code to a PDF or photograph the paper copy Source Code) and must not convert any of the Protected Material contained in the paper copies into any electronic format. Images or copies of Source Code must not be included in correspondence between the Parties (references to production numbers and/or line numbers must be used instead) and must be omitted from pleadings and other papers absent prior written consent from the Producing Party, which will not be unreasonably withheld, or an order from the Court. The Receiving Party may only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. The Receiving Party may create paper printouts of, or images of, limited excerpts of source code in a pleading, court filing, expert report, trial exhibit, demonstrative,

deposition exhibit/transcript, mediation brief, and drafts of these documents.  The Receiving Party shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (c) in the first instance.  To the extent a deposition is likely to involve Source Code, the Party taking the deposition shall provide at least seven (7) calendar days written notice of that fact, and the Producing Party will make a Source Code Computer available at the deposition, minimizing the need for additional paper copies of Source Code.  Any paper copies used during a deposition will be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(g)     The Producing Party shall install tools that are sufficient for viewing the Source Code produced for inspection on the Source Code Computer. The Receiving Party's Outside Counsel and/or experts/consultants may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Producing or Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Producing Party shall approve reasonable requests for additional commercially available software tools. The Receiving Party must provide the Producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least six (6) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  The Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the Receiving Party.  By way of example, the Producing Party will not compile or debug software for installation.  The Producing Party shall not take any action to impair the proper installation of the requested software.

(h)     The use or possession of any electronic input/output device, or any device that can access the Internet or any other network or external system (other than the Source Code Computer) including, without limitation, USB memory stick, mobile phone, smart phone, tablet,

computer, smart watches, personal digital assistants (PDAs), Blackberries, Dictaphones, voice
recorders, camera or any camera-enabled device, CD, DVD, floppy disk, portable hard drive,
laptop, or device of any kind, is prohibited from the Source Code review room, except for the
purpose described below in section 8(i).

        (i)      The Receiving Party's Outside Counsel and/or Experts qualified under
Section 7.5(b) shall be entitled to take notes (handwritten or electronic) relating to the Source
Code, but may not copy the Source Code into such notes.  To the extent the Receiving Party
desires to take notes electronically, the Producing Party shall provide a note-taking computer
(e.g., a computer, which is distinct from the Source Code computer, that is not linked to any
network, including a local area network ("LAN"), an intranet, or the Internet, and has image
making functionality of any type disabled, including but not limited to camera and video
functionality) ("note-taking computer") with a current, widely used word processing program in
the Source Code review room for the Receiving Party's use in taking such notes.  The note-taking
computer shall have disk-encryption and be password protected.  The note-taking computer shall
be used for the sole purpose of note-taking and shall be retained by the Producing Party.  The
Producing Party will instruct the Receiving Party on how to start, log on to, and operate the note-
taking computer.  The Receiving Party will save any notes taken on the note-taking computer to a
folder labeled "Source Code Notes."  Such notes shall be designated as and treated as HIGHLY
CONFIDENTIAL – SOURCE CODE material, and shall be treated as copies of Source Code as
set forth in Section 8(d)-(f), except that at the end of each day of Source Code inspection, under
the supervision of the Producing Party, such notes shall be saved on a removable encrypted and
password protected drive supplied by the Producing Party and given to the Receiving Party to
retain.  Such notes shall be limited to a total of two hundred (200) pages for the Receiving Party
(for the case, not per inspection).  In the event this limit is inadequate for the Receiving Party, the
Parties agree to negotiate in good faith to establish a reasonable extension of that limit.  The
Receiving Party will thereafter delete or destroy the electronic notes on the note-taking computer
and show the Producing Party the empty "Source Code Notes" folder on the note-taking computer
to confirm the electronic notes on the note-taking computer have been deleted or destroyed.  The

1   note-taking computer shall have no features that will hinder the complete clearing of the

2   Receiving Party's notes after such notes have been printed or downloaded.  The Producing Party

3   will not open the folder labeled "Source Code Notes" on the note-taking computer, will not

4   review the Source Code Notes, will not log key strokes with respect to the note taking, and will

5   not otherwise attempt to discover the Receiving Party's work product related to the Source Code

6   review.  Except as provided expressly in this paragraph, use or possession of any recordable

7   media or recordable devices during the inspection by anyone other than the Producing Party is

8   prohibited.

9           Any such notes shall not include copies or reproductions of the Source Code, but may

10   refer to function names, variable names, filenames, and line numbers.  The Receiving Party will

11   be entitled to password protect the Source Code Notes folder and/or Word documents contained

12   therein.

13          The Parties agree that if there are any disputes regarding the Receiving Party's notes, all

14   notes taken by the Receiving Party shall be subject to *in camera* review to ensure compliance

15   with this Protective Order.

16                  (a)     The Receiving Party's Outside Counsel and any person receiving a copy of

17   any Source Code shall maintain and store any paper copies of the Source Code and any notes

18   taken during the inspection of the Source Code that reveal the substance or content of the Source

19   Code at their offices in a manner that prevents duplication of or unauthorized access to the Source

20   Code, including, without limitation, storing the Source Code in a locked room or cabinet at all

21   times when it is not in use.  No more than a total of five (5) persons identified by the Receiving

22   Party, excluding Outside Counsel, may have access to the Source Code.  The Receiving Party

23   may request that additional, specific persons be permitted access to the Source Code, and the

24   Producing Party will not unreasonably deny such request.

25   **9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
             OTHER LITIGATION**

26

27          9.1     If a Party is served with a subpoena or a court order issued in other litigation that

28   compels disclosure of any Protected Material designated in this action as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)       promptly notify in writing the Designating Party.  Such notification must include a copy of the subpoena or court order;

(b)       promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification must include a copy of this Stipulated Protective Order; and

(c)       cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order must not produce any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protected Material.  The Designating Party bears the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protective Order provides against disclosure in any other litigation.

9.2       The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

**10.       A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)       Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Stipulated Protective Order.

1         (b)     The terms, remedies, and relief provided by this Stipulated Protective

2    Order are applicable to Disclosure or Discovery Material produced by a Non-Party in this action

3    and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4    ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Nothing in these provisions

5    should be construed as prohibiting a Non-Party from seeking additional protections.

6         (c)     In the event that a Party is required, by a valid discovery request, to

7    produce a Non-Party's confidential information in its possession, and the Party is subject to an

8    agreement with the Non-Party not to produce the Non-Party's confidential information, then the

9    Party shall:

10        1.     promptly notify in writing the Requesting Party and the Non-Party

11   that some or all of the information requested is subject to a confidentiality agreement with a Non-

12   Party; and

13        2.     promptly provide the Non-Party with a copy of the Stipulated

14   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

15   description of the information requested.

16        (d)     If the Non-Party fails to object or seek a protective order from this court

17   within a reasonable period of time after receiving the notice and accompanying information,

18   including but not limited to any contractual notice period in an agreement between the Producing

19   Party and the Non-Party covering the confidentiality and/or disclosure of the information

20   requested, the Producing Party may produce the Non-Party's confidential information responsive

21   to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party

22   shall not produce any information in its possession or control that is subject to the confidentiality

23   agreement with the Non-Party before a determination by the Court.

24   **11.**     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

25        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

26   Material to any person or in any circumstance not authorized under this Stipulated Protective

27   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

28   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The Parties and Court will enter a separate Order under Fed. R. Evid. 502(d) that governs the production of documents protected from discovery.

**13.    MISCELLANEOUS**

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Export Control.  The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted.  The Producing Party shall be responsible for identifying any such technical data subject to export control laws so that the Receiving Party can take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

No Protected Material may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  The

restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.  Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

13.4    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal Protected Material must comply with Judge Orrick's Standing Order On Administrative Motions To File Under Seal and Civil Local Rule 79-5.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court.

13.5    Privilege Logs.  The Parties' agreement regarding the requirements for, timing, format, and content of privilege logs is memorialized in a separate agreement.

13.6    Notice.  Unless expressly stated otherwise, notice under this agreement shall be provided via email to all counsel of record for the Parties.

## 14.    **FINAL DISPOSITION**

Within 60 calendar days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of paper copies of Source Code.  Any such archival copies that contain or constitute

STIPULATED PROTECTIVE ORDER
Case No. 3:23-cv-00083-SI

1   Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

2   **15.**   **OTHER PROCEEDINGS.**

3        By entering this Stipulated Protective Order and limiting the disclosure of Disclosure or

4   Discovery Material in this case, the Court does not intend to preclude another court from finding

5   that Disclosure or Discovery Material may be relevant and subject to disclosure in another case.

6   Any person or Party subject to this Order who becomes subject to a motion to disclose another

7   Producing Party's information shall promptly notify that Party of the motion so that the

8   Producing Party may have an opportunity to appear and be heard on whether that Disclosure or

9   Discovery Material should be disclosed.

10   **IT IS SO STIPULATED**, through Counsel of Record.

11   Dated: _____

12                              *Attorneys for Plaintiff*

13                              **LIEFF CABRASER HEIMAN & BERNSTEIN LLP**
Michael W. Sobol, SBN 194857
14   David T. Rudolph, SBN 233457
Melissa Gardner, SBN 289096
15   Jacob H. Polin, SBN 311203
Nabila Abdallah, SBN 347764
16   msobol@lchb.com
drudolph@lchb.com
17   mgardner@lchb.com
jpolin@lchb.com
18   nabdallah@lchb.com
275 Battery Street, 29th Floor
19   San Francisco, CA 94111-3339
Telephone: 415.956.1000
20   Facsimile: 415.956.1008

21                              **CARNEY BATES & PULLIAM, PLLC**
Joseph Henry Bates, III, SBN 167688
22   Allen Carney (admitted *pro hac vice*)
Courtney E. Ross (admitted *pro hac vice*)
23   hbates@cbplaw.com
acarney@cbplaw.com
24   cross@cbplaw.com
519 W. 7th St.
25   Little Rock, AR, 72201
Telephone: 501.312.8500
26   Facsimile: 501.312.8505

27

28                              *Attorneys for Defendant Meta Platforms, Inc.*

STIPULATED PROTECTIVE ORDER
Case No. 3:23-cv-00083-SI

1

2    **GIBSON, DUNN & CRUTCHER LLP**
     LAUREN R. GOLDMAN (pro hac vice)
3    lgoldman@gibsondunn.com
     200 Park Avenue
4    New York, NY 10166
     Telephone:    (212) 351-4000
5    Facsimile:    (212) 351-4035

6    ELIZABETH K. MCCLOSKEY (SBN 268184)
     emccloskey@gibsondunn.com
7    ABIGAIL A. BARRERA (SBN 301746)
     abarrera@gibsondunn.com
8    555 Mission Street, Suite 3000
     San Francisco, CA 94105
9    Telephone:    (415) 393-8200
     Facsimile:    (415) 393-8306
10

11   TRENTON J. VAN OSS (pro hac vice)
     tvanoss@gibsondunn.com
12   1050 Connecticut Avenue, N.W.
     Washington, DC 20036-5306
13   Telephone:    (202) 955-8500
     Facsimile:    (202) 467-0539
14

15   **COOLEY LLP**
     MICHAEL G. RHODES (SBN 116127)
16   rhodesmg@cooley.com
     KYLE C. WONG (SBN 224021)
17   kwong@cooley.com
     CAMERON J. CLARK (SBN 313039)
18   cclark@cooley.com
     CAROLINE A. LEBEL (SBN 340067)
19   clebel@cooley.com
     3 Embarcadero Center, 20th Floor
20   San Francisco, CA 94111-4004
     Telephone: (415) 693-2000
21

22

23      **IT IS ORDERED** that the forgoing Agreement is approved.

24

25   Dated:

26

27   _____
        UNITED STATES MAGISTRATE JUDGE
28

STIPULATED PROTECTIVE ORDER
Case No. 3:23-cv-00083-SI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIKHAIL GERSHZON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:23-cv-00083-SI<br><br>**STIPULATED PROTECTIVE ORDER** |

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Gershzon v. Meta Platforms, Inc.* I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____