# EXHIBIT 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIKHAIL GERSHZON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:23-cv-00083-SI<br><br>**STIPULATED [PROPOSED] FEDERAL RULES OF EVIDENCE 502(d) CLAWBACK ORDER** |

## 1.   **PURPOSE**

Pursuant to Federal Rules of Evidence 502(d) the production or disclosure of any documents protected from discovery, including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively "privilege or protection"), and accompanying metadata ("Protected Documents"), does not, alone, result in the waiver of any privilege or protection, including subject matter waiver,  associated with such Protected Documents as to the receiving party or any third parties in this or in any other state or federal proceeding regardless of the circumstances of the disclosure.  This Paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents.  Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation.  Nothing contained herein requires the production of Protected Documents, and no party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

## 2.   **CLAWBACK AGREEMENT**

In the event that a producing party discovers that it produced Protected Document(s), it shall provide written notice of the claim of privilege or protection to the receiving party (a "Clawback Notice"), sufficiently identifying the Protected Document(s) within ten (10) business days after discovery.

Within seven (7) business days following the production of the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld.  Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court.

**3.   PROCEDURES FOLLOWING CLAWBACK NOTICE**

(a)   Within fourteen (14) business days of receipt of a Clawback Notice (regardless of whether the receiving party agrees with or plans to challenge the producing party's claim of privilege or protection), the receiving party must promptly return and/or destroy the Protected Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents and certify to the producing party when this return and/or destruction is complete.

(b)   If a receiving party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving party shall notify the producing party of its challenge within fourteen (14) business days of receiving the Clawback Notice.

(c)   Within ten (10) business days of the producing party receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement.  If the parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination.

(d)   If the party challenging the clawback has a good faith belief that the entire document or key portions of the document are not privileged, and if the description of the challenged document in the applicable privilege log is not sufficiently specific to permit the challenging party to understand and evaluate the privilege claim, the challenging party may use those portions of the document for which it was a good faith belief are not privileged solely in briefing or argument submitted in connection with any challenge to a Clawback Notice and by providing the document to the Court for in camera review (with any portions of the document that the parties agree are privileged redacted). In the case of such a challenge and use of contents of the underlying document, the challenging party agrees not to argue that such use constitutes waiver of the claimed privilege or work product protection. In no case shall a challenge to a Clawback Notice be filed in the public record.

**4.   PROCEDURES DURING DEPOSITION AND HEARING**

(a)   If, during a deposition, a producing party claims that a Document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of

- 3 -

1   examination) contains material that is privileged or protected, the producing party may, in its sole

2   discretion, do one or more of the following:  (a) allow the Protected Document to be used during

3   the deposition without waiver of any claim of privilege or  protection; (b) allow questioning about

4   the Protected Document but instruct the witness not to answer questions concerning the parts of

5   the Protected Document containing privileged or protected material; or (c) object to the use of

6   the Protected Document at the deposition, in which case no questions may be asked

7   and no testimony may be given relating to the Protected Document or the privileged or protected

8   portion of the Document until the matter has been resolved by agreement or by the Court.  In all

9   events, once the Protected Document is no longer in use at the deposition, the receiving

10   party shall immediately sequester all copies of the Document, pursuant to Paragraph 3(a).  As to

11   any testimony subject to a claim of privilege or protection, the producing party shall serve

12   a Clawback Notice  within four (4)  business days after  receipt  of  the final transcript of  the

13   deposition, after which the parties shall follow the  procedures set forth in Sections 2 and 3, as

14   applicable.  Pending determination of the any challenge to such a Clawback Notice, all parties with

15   access to the deposition transcript shall treat the relevant testimony in accordance with Section

16   3. In the event the Court decides the clawback dispute in the receiving party's favor and the

17   receiving party was denied the opportunity to examine a witness as to the materials at issue, the

18   witness shall be made available as soon as practicable after the Court's decision.

19          (b)      If a receiving party uses discovery materials in a brief or at a hearing, and the

20   producing party has not served a Clawback Notice as to those materials in advance of the briefing

21   event or hearing, the producing party must serve a Clawback Notice within four (4) business days

22   of receipt of the briefing or the hearing.  Thereafter, the procedures set forth in Section 3 apply.

23   The producing party, with the assistance of the receiving party as necessary, shall coordinate the

24   removal of any protected material from the public record and file, or prepare a document to be filed

25   by the receiving party, any necessary amended public and/or redacted filings that contain the

26   privileged or protected material.  Failure to serve a Clawback Notice within four (4) business days

27   of receipt of the briefing or hearing event shall be deemed a waiver of any privilege or protection

28   regarding the materials used therein.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 5.    **MISCELLANEOUS**

Nothing in this Stipulation is intended to create an obligation for a party to conduct a privilege review of another party's discovery material.  Notwithstanding, to the extent any party is aware that it has obtained Protected Documents, the receiving party must notify the producing party that it has received or examined document(s) that are or may be subject to a claim of privilege or protection, promptly sequester the document(s), and, within ten (10) business days of such discovery, notify the producing party by identifying the bates ranges of the documents.  If the producing party determines that the documents are privileged or protected, the producing party must then provide a Clawback Notice in accordance with the procedures set forth in this Order.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: _____

1

2

*Attorneys for Plaintiff*

3

**LIEFF CABRASER HEIMAN & BERNSTEIN LLP**
Michael W. Sobol, SBN 194857
David T. Rudolph, SBN 233457

4

Melissa Gardner, SBN 289096
Jacob H. Polin, SBN 311203

5

Nabila Abdallah, SBN 347764
msobol@lchb.com

6

drudolph@lchb.com
mgardner@lchb.com

7

jpolin@lchb.com
nabdallah@lchb.com

8

275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

9

Telephone: 415.956.1000
Facsimile: 415.956.1008

10

11

**CARNEY BATES & PULLIAM, PLLC**
Joseph Henry Bates, III, SBN 167688

12

Allen Carney (admitted *pro hac vice*)
Courtney E. Ross (admitted *pro hac vice*)

13

hbates@cbplaw.com
acarney@cbplaw.com

14

cross@cbplaw.com
519 W. 7th St.

15

Little Rock, AR, 72201
Telephone: 501.312.8500

16

Facsimile: 501.312.8505

17

18

*Attorneys for Defendant Meta Platforms, Inc.*

19

20

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (pro hac vice)
lgoldman@gibsondunn.com

21

200 Park Avenue

22

New York, NY 10166
Telephone:     (212) 351-4000

23

Facsimile:     (212) 351-4035

24

ELIZABETH K. MCCLOSKEY (SBN 268184)

25

emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)

26

abarrera@gibsondunn.com
555 Mission Street, Suite 3000

27

San Francisco, CA 94105
Telephone:     (415) 393-8200

28

Facsimile:     (415) 393-8306

- 6 -

STIPULATED [PROPOSED] FEDERAL RULES
OF EVIDENCE 502(D) CLAWBACK ORDER
Case No. 3:23-cv-00083-SI

TRENTON J. VAN OSS (pro hac vice)
tvanoss@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:      (202) 955-8500
Facsimile:      (202) 467-0539

**COOLEY LLP**
MICHAEL G. RHODES (SBN 116127)
rhodesmg@cooley.com
KYLE C. WONG (SBN 224021)
kwong@cooley.com
CAMERON J. CLARK (SBN 313039)
cclark@cooley.com
CAROLINE A. LEBEL (SBN 340067)
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000


**IT IS ORDERED** that the forgoing Agreement is approved.


Dated:


_____
UNITED STATES MAGISTRATE JUDGE

STIPULATED [PROPOSED] FEDERAL RULES
OF EVIDENCE 502(D) CLAWBACK ORDER
Case No. 3:23-cv-00083-SI