# EXHIBIT 5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIKHAIL GERSHZON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:23-cv-00083-SI<br><br>**STIPULATED [PROPOSED] FEDERAL RULES OF EVIDENCE 502(d) CLAWBACK ORDER** |

### 1. **PURPOSE**

Pursuant to Federal Rules of Evidence 502(d) the production or disclosure of any documents protected from discovery, including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively "privilege or protection"), and accompanying metadata ("Protected Documents"), does not, alone, result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents as to the receiving party or any third parties in this or in any other state or federal proceeding regardless of the circumstances of the disclosure. This Paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents. Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation. Nothing contained herein requires the production of Protected Documents, and no party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

### 2. **CLAWBACK AGREEMENT**

In the event that a producing party discovers that it produced Protected Document(s), it shall provide written notice of the claim of privilege or protection to the receiving party (a "Clawback Notice"), sufficiently identifying the Protected Document(s) within ten (10) business days after discovery.

Within seven (7) business days following the production of the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld. Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court.

**3.     PROCEDURES FOLLOWING CLAWBACK NOTICE**

(a)     Within fourteen (14) business days of receipt of a Clawback Notice (regardless of whether the receiving party agrees with or plans to challenge the producing party's claim of privilege or protection), the receiving party must promptly return and/or destroy the Protected Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents and certify to the producing party when this return and/or destruction is complete.

(b)     If a receiving party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving party shall notify the producing party of its challenge within fourteen (14) business days of receiving the Clawback Notice.

(c)     Within ten (10) business days of the producing party receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination.

(d)     If the party challenging the clawback has a good faith belief that the entire document or key portions of the document are not privileged, <ins>and if the description of the challenged document in the applicable privilege log is not sufficiently specific to permit the challenging party to understand and evaluate the privilege claim,</ins> the challenging party may use those portions of the document for which it was a good faith belief are not privileged solely in briefing or argument submitted in connection with any challenge to a Clawback Notice and by providing the document to the Court for in camera review (with any portions of the document that the parties agree are privileged redacted). In the case of such a challenge and use of contents of the underlying document, the challenging party agrees not to argue that such use constitutes waiver of the claimed privilege or work product protection. In no case shall a challenge to a Clawback Notice be filed in the public record.

**4.     PROCEDURES DURING DEPOSITION AND HEARING**

(a)     If, during a deposition, a producing party claims that a Document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of

1  examination) contains material that is privileged or protected, the producing party may, in its sole
2  discretion, do one or more of the following: (a) allow the Protected Document to be used during
3  the deposition without waiver of any claim of privilege or protection; (b) allow questioning about
4  the Protected Document but instruct the witness not to answer questions concerning the parts of
5  the Protected Document containing privileged or protected material; or (c) object to the use of
6  the Protected Document at the deposition, in which case no questions may be asked
7  and no testimony may be given relating to the Protected Document or the privileged or protected
8  portion of the Document until the matter has been resolved by agreement or by the Court. In all
9  events, once the Protected Document is no longer in use at the deposition, the receiving
10 party shall immediately sequester all copies of the Document, pursuant to Paragraph 3(a). As to
11 any testimony subject to a claim of privilege or protection, the producing party shall serve
12 a Clawback Notice within four (4) business days after receipt of the final transcript of the
13 deposition, after which the parties shall follow the procedures set forth in Sections 2 and 3, as
14 applicable. Pending determination of the any challenge to such a Clawback Notice, all parties with
15 access to the deposition transcript shall treat the relevant testimony in accordance with Section
16 3. In the event the Court decides the clawback dispute in the receiving party's favor and the
17 receiving party was denied the opportunity to examine a witness as to the materials at issue, the
18 witness shall be made available as soon as practicable after the Court's decision.

19 (b) If a receiving party uses discovery materials in a brief or at a hearing, and the
20 producing party has not served a Clawback Notice as to those materials in advance of the briefing
21 event or hearing, the producing party must serve a Clawback Notice within four (4) business days
22 of receipt of the briefing or the hearing. Thereafter, the procedures set forth in Section 3 apply.
23 The producing party, with the assistance of the receiving party as necessary, shall coordinate the
24 removal of any protected material from the public record and file, or prepare a document to be filed
25 by the receiving party, any necessary amended public and/or redacted filings that contain the
26 privileged or protected material. Failure to serve a Clawback Notice within four (4) business days
27 of receipt of the briefing or hearing event shall be deemed a waiver of any privilege or protection
28 regarding the materials used therein.

### 5. **MISCELLANEOUS**

Nothing in this Stipulation is intended to create an obligation for a party to conduct a privilege review of another party's discovery material. Notwithstanding, to the extent any party is aware that it has obtained Protected Documents, the receiving party must notify the producing party that it has received or examined document(s) that are or may be subject to a claim of privilege or protection, promptly sequester the document(s), and, within ten (10) business days of such discovery, notify the producing party by identifying the bates ranges of the documents. If the producing party determines that the documents are privileged or protected, the producing party must then provide a Clawback Notice in accordance with the procedures set forth in this Order.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: _____