GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

ANDREW M. KASABIAN, SBN 313210
akasabian@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612
Telephone:    (949) 451-3800
Facsimile:    (949) 451-4220

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
rhodesmg@cooley.com
KYLE C. WONG (SBN 224021)
kwong@cooley.com
CAROLINE A. LEBEL (SBN 340067)
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIKHAIL GERSHZON, on behalf of himself and all others similarly situated, | Case No. 3:23-cv-00083-SI |
| Plaintiff, | **DEFENDANT'S ADMINISTRATIVE MOTION FOR AN EXTENSION OF THE DISCOVERY STAY** |
| v. | |
| META PLATFORMS, INC. | Action Filed: January 6, 2023 |
| Defendant. | |
| | Before: Hon. Susan Illston |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rules 3-12 and 7-11 of the United States District Court for the Northern District of California, Defendant Meta Platforms, Inc. ("Meta") submit this Administrative Motion for an Extension of the Discovery Stay.  Meta respectfully requests that the stay of discovery previously issued by the Court continue through the date of the next discovery conference before Magistrate Judge DeMarchi, at which time the Court and the parties will discuss discovery coordination; that conference is likely to be set for May 23.  Plaintiff opposes this motion.  (*See* McCloskey Decl. ¶ 4.)

**I.      STATEMENT OF RELEVANT FACTS**

This is one of several cases in this district against Meta involving similar allegations.  Plaintiffs in these cases allege that Meta received potentially sensitive information from third parties through Meta's Pixel, even though Meta's policies explicitly prohibit third parties from sending such data.  *See In re Meta Pixel Tax Filing Cases*, Case No. 22-cv-07557-SI (VKD); *In re Meta Pixel Healthcare Litig.*, No. 3:22-cv-03580-WHO (VKD).  These cases are assigned to Judge DeMarchi for discovery.  Plaintiff in this case served interrogatories, requests for production of documents, and requested a deposition, all before this Court held an initial case management conference and Judge DeMarchi held a discovery conference.

At the April 7, 2023 initial case management conference, this Court asked that, in light of the overlapping cases, the parties "try to coordinate as best [they] can."  Hearing Tr. 4:16–18.  The parties agreed.  At Meta's request, this Court stayed discovery in this case until the April 20 discovery conference before Judge DeMarchi, so that Judge DeMarchi and the parties could discuss coordination.  *Id.* 7:17–22; *see also* ECF No. 34.

On April 13, 2023, Meta submitted a proposal for coordinating discovery to Judge DeMarchi.  ECF No. 38 at 12–17.  This proposal included a framework for progression of discovery, coordinating written and document discovery, and coordinating depositions across the Pixel cases.  *Id.*  Counsel for these cases attended the discovery conference.  At the hearing, Judge DeMarchi explained that she intended to coordinate discovery in the cases before her, and asked the parties to further confer and submit coordination proposals in advance of the next conference.  The next conference will likely be set for May 23.  Meta asked Judge DeMarchi to continue the stay of discovery in this case until the

1    next conference, but she instructed Meta to ask this Court for the extension because this Court ordered

2    the original stay.  (McCloskey Decl. ¶ 2.)

3        Hoping to avoid burdening the Court, Meta asked if plaintiff would agree to this brief extension

4    of the stay through the next discovery conference, including because the coordinated discovery plan

5    may include coordinated discovery requests/responses, as Meta has proposed.  (McCloskey Decl. ¶ 3.)

6    Plaintiff initially refused to extend the stay, and then offered only to agree to stay discovery as to certain

7    requests.  But the requests that plaintiff still insists Meta respond to include the types of requests that

8    Meta has proposed should be coordinated across the Pixel cases.  (McCloskey Decl. ¶¶ 3–4.)

9    **II.    THE COURT SHOULD EXTEND THE DISCOVERY STAY**

10       Courts have "wide discretion" to control discovery, so long as there is good cause.  *Little v. City*

11   *of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see* Fed. R. Civ. P. 26(c)(1).  When assessing if there is

12   good cause for a stay of discovery, courts consider "(1) the possible damage which may result from the

13   granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward,

14   and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof,

15   and questions of law which could be expected to result from a stay."  *Johnson v. Monterey Fish Co.*,

16   2018 WL 2387849, at *1 (N.D. Cal. May 25, 2018).  Good cause exists to briefly extend the stay.

17       First, the circumstances justifying the prior stay remain the same.  This Court previously granted

18   a brief discovery stay, through the April 20 conference, anticipating that the parties would discuss

19   coordination during that conference.  But because not all parties in the Pixel cases had weighed in on

20   coordination, Judge DeMarchi postponed that discussion until the next conference.  ECF No. 38 at 18.

21   The parties are thus in the same situation they were in on April 7:  There is an upcoming discovery

22   conference and the DMV plaintiff's discovery requests are pending.  The one difference is that Meta's

23   current deadline to respond to those discovery requests (May 19) is days before the next conference—

24   making extending the stay all the more appropriate so that the parties can collectively discuss discovery

25   coordination *before* responses to the plaintiffs' discovery requests are due.

26       Second, plaintiff will not be harmed by an extension of this "brief stay" of discovery.  *Mears v.*

27   *All-Clad Metalcrafters, LLC*, 2021 WL 690258, at *2 (N.D. Cal. Feb. 23, 2021) (Illston, J.) (no

28   prejudice from 7-week stay); *see Mawby v. Folger Coffee Co.*, 2021 WL 1997163, at *1 (W.D. Miss.

1    Feb. 5, 2021) (no prejudice from 13-week stay, despite close of discovery in 6.5 months).  To the

2    contrary, "a stay might help [plaintiff] avoid unnecessary effort and expense," to the extent Meta

3    responds to these requests, and then Judge DeMarchi orders all Pixel plaintiffs to coordinate their

4    discovery requests.  *Ernyes-Kofler v. Sanofi S.A.*, 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017).

5    Plaintiff's prior assertion that a stay would prejudice him because "memories fade and evidence is

6    lost," does not apply to a one-month extension.  *See* ECF No. 30 at 12.  Because "[t]here is no indication

7    that the stay will prejudice the named plaintiff[] or the class [he] seek[s] to represent," this extension

8    should be granted.  *Amadeck v. Capital One Fin. Corp.*, 2012 WL 5472173, at *1 (W.D. Wash. Nov.

9    9, 2012).

10         Third, Meta will be prejudiced and subject to "undue burden [and] expense" if the stay is not

11   continued.  *Boyd v. Etchebehere*, 2015 WL 135865, at *1 (E.D. Cal. Jan. 9, 2015).  Meta's coordination

12   proposal included coordinating written and document discovery.  ECF No. 38 at 12–17.  Under the

13   current schedule, Meta will have to respond to plaintiff's discovery before Judge DeMarchi has had an

14   opportunity to weigh in on whether—and how—written and document discovery will be coordinated.

15   The burden to Meta of engaging in premature "discovery outweighs any prejudice that could potentially

16   inure to [plaintiff]."  *North v. Merck & Co.*, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005); *see*

17   *also Johnson*, 2018 WL 2387849, at *2 ("[R]equiring Starbucks to engage in initial disclosures [and]

18   a joint site inspection . . . while it seeks to resolve such issues on a consolidated basis, would defeat the

19   purpose of . . . consolidation.").

20         Finally, "[j]udicial economy favors a stay" because the Pixel cases all present "similar issue[s],"

21   *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001), and three judges have now indicated

22   that coordination will benefit the Court and the parties.  ECF No. 38 at 17.  Therefore, "a brief stay of

23   discovery to allow" Judge DeMarchi to consider the proper scope and mechanisms for coordination

24   "will promote the efficient resolution of this and related matters."  *Amadeck*, 2012 WL 5472173, at *1.

25   **III.    CONCLUSION**

26         All judges in the Pixel cases before Judge DeMarchi—this Court, Judge Orrick, and Judge

27   DeMarchi—agree that discovery should be coordinated.  How that coordination will work and the

28   scope of coordination has not yet been decided by Judge DeMarchi, who has ordered the parties to

submit further proposals in advance of another discovery conference that will take place in approximately three weeks.  Because plaintiff will not be prejudiced by a short extension of the Court's discovery stay, Meta will be prejudiced by having to respond to potentially duplicative discovery, and judicial economy weighs in favor of a short extension, Meta respectfully requests that the Court extend the discovery stay in this case until the next discovery conference before Judge DeMarchi.

DATED: April 27, 2023                    **GIBSON, DUNN & CRUTCHER LLP**


By:    */s/ Lauren R. Goldman*
       Lauren R. Goldman


**COOLEY LLP**

By:    */s/ Michael G. Rhodes*
       Michael G. Rhodes


*Attorneys for Meta Platforms, Inc.*

-4-

1

## CIVIL L.R. 5-1(h)(3) ATTESTATION

2        Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren R. Goldman, hereby attest under penalty of

3 perjury that concurrence in the filing of this document has been obtained from all signatories.

4

5 Dated: April 27, 2023                     GIBSON, DUNN & CRUTCHER LLP

6
                                           By:     */s/ Lauren R. Goldman*
7
                                                   Lauren R. Goldman
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ADMINISTRATIVE MOTION FOR AN EXTENSION OF THE DISCOVERY STAY
CASE NO. 3:23-CV-00083-SI