LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Jacob H. Polin (SBN 311203)
jpolin@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

CARNEY BATES & PULLIAM, PLLC
Joseph Henry (Hank) Bates, III (SBN 167688)
hbates@cbplaw.com
Allen Carney (*pro hac vice*)
acarney@cbplaw.com
Courtney E. Ross (*pro hac vice*)
cross@cbplaw.com
519 W. 7th St.
Little Rock, AR, 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIKHAIL GERSHZON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:23-cv-00083-SI<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT META PLATFORM'S REQUEST FOR JUDICIAL NOTICE AND CONDITIONAL REQUEST FOR JUDICIAL NOTICE** |

1    Meta's Request for Judicial Notice (Dkt. 31-1, "RJN") seeks to introduce nine documents
2 without proper authentication and to establish disputed facts on a motion to dismiss.  Plaintiff
3 opposes Meta's request because it falls far short of the legal standards for judicial notice and
4 incorporation by reference.  If the Court takes notice of the DMV website Conditions of Use (Ex.
5 6) as Meta requests, it should also take notice of the DMV's Privacy Policy, and the DMV's
6 webpage entitled "How Personal Information is Protected or Disclosed," attached to the
7 Declaration of Melissa Gardner as Plaintiff's Exhibit 1 and 2, respectively, on the same basis, and
8 because these documents provide additional context for Meta's Exhibit 6.  Meta's Exhibit 6
9 hyperlinks directly to Plaintiff's Exhibit 1.

10                              **STANDARD**

11    There are two exceptions to the general rule that a court may not consider materials
12 beyond the pleadings: judicial notice under Federal Rule of Evidence 201 and the incorporation-
13 by-reference doctrine. *See Khoja v. Orexigen Therapeutics*, Inc, 899 F.3d 988, 998 (9th Cir.
14 2018).  With respect to both exceptions, the Ninth Circuit has recently cautioned against their
15 "overuse and improper application."  *Id*.  "If defendants are permitted to present their own version
16 of the facts at the pleading stage—and district courts accept those facts as uncontroverted and
17 true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a
18 sufficiently 'plausible' claim for relief."  *Id.* at 999 (citations omitted).

19  **I.    Exhibits 1-9 do not meet the requirements for judicial notice.**

20    Judicial notice applies to adjudicative facts that are "not subject to reasonable dispute"
21 because they are "generally known" or "can be accurately and readily determined from sources
22 whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).  An "*undisputed*
23 matter[] of public record" may be judicially noticed; "*disputed* facts stated in public records"
24 cannot.  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original).

25    Meta asks the Court to judicially notice a Terms of Service (Ex. 1), Privacy Policy (Ex. 2),
26 Cookies Policy (Ex. 3); Business Tool Terms (Ex. 4); and Commercial Terms (Ex. 5)
27 (collectively, "Policies"), and three articles (Ex. 7-9) downloaded from Meta's website, to
28 "confirm" disputed facts.  Dkt. 31 at 15.  Meta seeks judicial notice of the DMV's Conditions of

1   Use (Ex. 6) for the same purposes.  Meta's request is improper for numerous reasons.

2   ***First***, the accuracy of documents on Meta's website can reasonably be questioned.
3   "[C]ourts should be cautious before taking judicial notice of documents simply because they were
4   published on a website . . . particularly so when a party seeks to introduce documents it created
5   and posted on its own website." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1033 (N.D. Cal.
6   2018); *id.* at 1032 ("the records of private parties have no [ ] imprimatur of reliability, and neither
7   do their websites."); Fed. R. Evid. 201(b)(2).  Webpages, including Meta's Policies, are also
8   modified over time and may not reflect the evidence relevant to the actual claims asserted.  Here,
9   three of the Policies appear to be dated *after* Meta became engaged in litigation concerning the
10  Meta Pixel.  Barrera Decl. ¶¶ 2-4.  *See Moorer v. Stemgenex Med. Group, Inc.*, No. 16-02816,
11  2017 WL 1281882, at *4 (S.D. Cal. Apr. 6, 2017) (declining to judicially notice screenshots of
12  webpages because "the ever-changing content" made the pages' accuracy incapable of "ready
13  determination"); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010)
14  (declining judicial notice, noting that "whether these are the webpages Plaintiffs would have
15  viewed during their online transactions is subject to 'reasonable dispute'").  Meta only submits
16  one version of each Policy even though the documents themselves reference other versions.  *See*
17  *e.g.,* Ex. 1 at 1 ("We've updated our Terms of Use, Data Policy, and Cookies Policy . . . ").

18  ***Second***, the standards for evidence are not *lower* on a motion to dismiss, but Exhibits 1-9
19  are not properly authenticated.  The supporting declarant is Meta's outside counsel for this
20  lawsuit.  Her declaration recites no facts to support personal knowledge of Meta's news articles,
21  the DMV's Conditions, or Meta's Policies, such as how the Policies have been implemented and
22  revised, or for what time period they were supposedly effective.  An attorney's "conclusory
23  recitation does not satisfy the requirements of Fed. R. Evid. 602 that evidence be introduced
24  sufficient to support a finding that [she] has personal knowledge." *Garcia v. Fannie Mae*, 794 F.
25  Supp. 2d 1155, 1161–62 (D. Or. 2011) (citations and quotation marks omitted).

26  ***Third,*** Meta seeks to use Exhibits 1-9 to establish facts in dispute.  Meta relies on Exhibits
27  1-5 in its motion to dismiss, arguing, for example, that Exhibit 2 establishes that "Meta explains
28  to its users how the Pixel works" (Dkt. 31 at 2-3) and that "Meta 'require[s]' [] third parties 'to

1  have the right to collect, use and share your information before giving it to [Meta]." Dkt. 31 at 3,
2  16.  Exhibits 1 and 5 lack even a tenuous relationship to Plaintiff's allegations.  *See Khoja*, 899
3  F.3d at 1003 ("Submitting documents not mentioned in the complaint to create a defense is
4  nothing more than another way of disputing the factual allegations in the complaint.").

5  Meta also introduces Exhibits 1-9 to "confirm" that websites install the Pixel "without any
6  action on Meta's part," and that the DMV gave Meta protected information to perform DMV
7  functions (Dkt. 31 at 13, 15), all of which Plaintiff disputes, and it is hard to see how Exhibit 1,
8  dated July 2022 represents Plaintiff's agreement to anything when he opened a Facebook account
9  in 2010.  Dkt. 1 ¶ 61; Dkt. 31 at 3.  As for Exhibits 2-4, whether any version of any Meta Policy
10 was disclosed to Plaintiff or the DMV, and (if so), whether that version would inform a
11 reasonable viewer of Meta's alleged conduct (*see* Dkt. 31 at 20), are factual questions of limited
12 if any relevance to the case, which cannot be resolved by these documents in any event.  *See*
13 *Khoja*, 899 F.3d at 1000 (holding that it is improper to judicially notice a document when the
14 substance "is subject to varying interpretations, and there is a reasonable dispute as to what [it]
15 establishes.") (citation omitted); *Fairbairn v. Fid. Investments Charitable Gift Fund*, No. 18-
16 04881, 2018 WL 6199684, at *4 n.3 (N.D. Cal. Nov. 28, 2018) (declining to take judicial notice
17 of document because "Plaintiffs dispute the relevance of the document to the complaint
18 allegations and what inferences can be drawn from it.").

19 In the event that the Court decides to consider the DMV's Conditions of Use in the way
20 Meta requests, Plaintiff conditionally requests that it also take judicial notice of Plaintiff's
21 Exhibits 1-2 for necessary context.

22 **II.     Exhibits 2-3 and 7-9 are not incorporated by reference.**

23 The incorporation-by-reference doctrine applies in narrow circumstances: if "plaintiff
24 refers extensively to the document or the document forms the basis of [his] claim," *Khoja*, 899
25 F.3d at 1002 (quoting *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)), *and* "no party
26 questions" the document's authenticity, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th
27 Cir. 2010), *and* there are "no disputed issues as to the document's relevance." *Coto Settlement v.
28 Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  Meta's Exhibits fail on all three fronts.

1       *First*, the Complaint does not refer "extensively" to Exhibits 2-3 or 7-9, and none of
2 Plaintiff's claims are based on these documents.  Plaintiff cites Meta's Privacy Policy one time to
3 illustrate Meta's acknowledgement that it uses Pixel data for advertising.  Dkt. 1 ¶ 23 n.15.
4 Plaintiff cites Meta's Cookie Policy one time to support his allegation that Meta associates certain
5 cookies with Pixel data.  *Id.* ¶ 21 n.14.  Both background points are not subject to meaningful
6 dispute and are otherwise supported.  *See e.g. Id.* ¶ 22-26, 43; *Khoja*, 899 F.3d at 1003 ("For
7 'extensively' to mean anything . . ., it should, ordinarily at least, mean more than once.").

8       Plaintiff cites Exhibit 7 twice, in one paragraph, to support that Meta introduced the Pixel
9 in 2015 and emphasizes it is easy to set up.  Dkt. 1 ¶ 16 n.5; *id.* n.7.  Plaintiff cites Exhibits 8 and
10 9, each, once to illustrate Meta's acknowledgements and characterizations of the Pixel.  *Id.* ¶ 16
11 n.6, 19 n.12.  Meta wrongfully accuses Plaintiff of quoting "selectively" from these documents
12 but includes the *same quotations* (with Meta's preferred emphasis) in its brief.  Dkt. 31 at 15.
13 Plaintiff's limited illustrative references do not convert Meta's Policies or press releases into the
14 basis of his claims.  *See Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 478 (N.D. Cal. 2021) (denying
15 request to incorporate policies that were "not the primary driver behind Plaintiffs' claims.")

16       *Second,* as set forth above, outside counsel's declaration does not resolve questions about
17 the authenticity of Meta's Policies, particularly insofar as Meta relies on them to defend against
18 claims arising prior to their date of asserted publication.  *See Id.*; *Olivera v. Am. Home Mortg.*
19 *Servicing, Inc.*, 689 F. Supp. 2d 1218, 1222–23 (N.D. Cal. 2010) (quotation omitted).

20       *Third,* the materials are at most, arguably relevant.  The inferences Meta seeks to draw
21 from them (including in its Request for Judicial Notice at p.3) do not support valid defenses to
22 Plaintiff's claims, as Plaintiff discusses in his opposition brief.  *See Khoja*, 899 F.3d at 1003.

23       Meta's authorities are off base.  All but one of the authorities that Meta cites precede the
24 Ninth Circuit's decision in *Khoja*.  Two do not concern a motion to dismiss. *See Opperman v.*
25 *Path, Inc.*, 205 F. Supp. 3d 1064 (N.D. Cal. 2016) (motion for summary judgment); *Matthews v.*
26 *Nat'l Football League Mgmt.*, 688 F.3d 1107 (9th Cir. 2012) (motion to vacate arbitration award).
27 As for the remaining cases, either the parties did not contest the document's authenticity or the
28 document properly formed the basis of plaintiff's claim.  *See In re Yahoo Mail Litig.*, 7 F. Supp.

1  3d 1016, 1025 (N.D. Cal. 2014) (authenticity not contested); *Knievel v. ESPN*, 393 F.3d 1068,

2  1076 (9th Cir. 2005) (authenticity not contested, materials were necessary context)*; Datel*

3  *Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010) (documents would

4  support or erode plaintiff's claims "as a matter of [sic] law"); *Carvalho v. HP, Inc.*, 2022 WL

5  2290595, at *1 n.1 (N.D. Cal. June 24, 2022) (screenshot of product disclaimer needed for

6  deceptive advertising claim).

7      Meta's request should be denied in full. If the Court takes judicial notice of Exhibit 6, it

8  should also take judicial notice of Plaintiff's Exhibits 1 and 2 filed herewith.

10  Dated: April 28, 2023

Respectfully submitted,

*/s/ Melissa Gardner*
Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Jacob H. Polin (SBN 311203)
jpolin@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street,
29th Floor San Francisco,
CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Joseph Henry (Hank) Bates, III (SBN 167688)
hbates@cbplaw.com
Allen Carney (pro hac vice)
acarney@cbplaw.com
Courtney E. Ross (pro hac vice)
cross@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th Street
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

*Counsel for Plaintiff and the Proposed Class*