1  LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP
2  Michael W. Sobol (SBN 194857)
   msobol@lchb.com
3  David T. Rudolph (SBN 233457)
   drudolph@lchb.com
4  Melissa Gardner (SBN 289096)
   mgardner@lchb.com
5  Jacob H. Polin (SBN 311203)
   jpolin@lchb.com
6  Nabila Abdallah (SBN 347764)
   nabdallah@lchb.com
7  275 Battery Street, 29th Floor
   San Francisco, CA 94111-3339
8  Telephone: 415.956.1000
   Facsimile: 415.956.1008

9

10 CARNEY BATES & PULLIAM, PLLC
   Joseph Henry (Hank) Bates, III (SBN 167688)
11 hbates@cbplaw.com
   Allen Carney (*pro hac vice*)
12 acarney@cbplaw.com
   Courtney E. Ross (*pro hac vice*)
13 cross@cbplaw.com
   519 W. 7th St.
14 Little Rock, AR, 72201
   Telephone: 501.312.8500
15 Facsimile: 501.312.8505

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIKHAIL GERSHZON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:23-cv-00083-SI<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT META PLATFORM'S MOTION TO FURTHER STAY DISCOVERY** |

## **INTRODUCTION**

The Court should deny Meta's motion to further stay discovery and instruct Meta to participate in its current, pending discovery obligations which it has so far declined to do, specifically: to meet and confer on coordination of discovery where it makes sense, to substantively respond to outstanding requests for discovery which plainly do not need to wait for coordination, and to generally engage in good faith with Plaintiff's counsel in this case and the other coordinated cases before Judge DeMarchi to identify any remaining gray areas that require resolution.

Plaintiff's counsel have extended reasonable offers to accommodate most of Meta's requests for extensions, which Meta has rejected, opting instead to attempt to portray counsel as discourteous militants. Counsel offered to grant Meta's extension for all but a handful of extremely case-specific and narrow requests. However, Meta's ostensibly "administrative" motion does not merely request a three-week extension. Rather, its main purpose is to delay any participation in the discovery process at all by exploiting this Court's referral to Judge DeMarchi to avoid discovery into issues inherently unique to this case.

## **ARGUMENT**

This is Meta's fourth attempt to stop discovery in this case. Meta's last three efforts, including this motion, have sought to use the Court's referral to Judge DeMarchi and prior order for a 13-day stay as leverage for avoiding reasonable, limited, proportional discovery obligations.

After Meta asked this Court for an extended stay in the parties' Rule 26(f) Report (Dkt. 30 at 10-17), the Court denied it, explaining on April 7:

> I am not inclined to stay discovery. I'll be happy to hear from anybody about it who wants to talk about it today, but there was a suggestion that should I -- should I not agree with it now, that you [Meta] would bring a motion and if you bring a motion, you can bring a motion. But I am not inclined to stay discovery. I am inclined, given the nature of this case and the other -- the other lawsuits to try to coordinate as best we can with the other cases that are out there.

CMC Hearing Tr. (4-7), 4:11-22. This Court ordered a 13-day stay, to provide a "clear demarcation it [discovery] starts on April 20." Hearing Tr. (4-7), 7:21-22; Dkt. 34 (discovery stayed "until the discovery conference is held.").

### I. Meta is generating unnecessary disputes about Plaintiff's limited discovery and stalling the progress of any reasonable coordination plan.

Since the April 7 conference, Meta has refused to confer with Plaintiff's counsel about *discovery or coordination*, taking action only to "extend" the stay of discovery. (There is no "extension" to be sought; the Court's 13-day stay already lifted in this case, on April 20.) On April 13, Meta made its second, and facially unreasonable request to halt discovery within its "coordination" proposal to Judge DeMarchi in the parties' joint statement for the hearing (based on a proposal Meta sent to Plaintiff the day before). *See* Dkt. 38 at 12, 13 (proposing that Plaintiff's discovery be "withdrawn"). Meta made its third procedurally improper request for a stay to Judge DeMarchi at the April 20 hearing. Hearing Tr. (4-20), 147:19-148:3. Judge DeMarchi did not encourage Meta to bring this motion (which Meta tries to imply), but told Meta that stays are the presiding judge's domain. *Id.*, 148:4-20. Meta's efforts are simply an attempt to circumvent this Court's order providing a "clear demarcation" for the start of discovery.

As regards coordination, Meta is drawing out the process of obtaining an order by standing on the extreme proposal it made in the parties' April 13 filing for Judge DeMarchi. There, Meta proposes to delay discovery concerning the unlawful harvesting of Californians' data from the single, specific website operated by the California DMV that is at issue in this case. Meta would have the Court put off any such discovery until Meta goes forward with discovery in the *Healthcare* case regarding healthcare-related advertisements, "filters" for medical information, and hundreds to thousands of third-party websites, for a nationwide class. Meta's proposal means that nothing would be done in this case while it completes negotiations on the *Healthcare* discovery's scope, custodians, and a search protocol (all of which is ongoing and disputed by those parties) and completes that production. Only after that would Plaintiff here be eligible to receive some discovery information from that process if it is later determined to be relevant to this case. Next, Meta proposes to *unite* all written discovery and depositions in the three distinct cases, requiring a "Plaintiffs' Group" to serve additional requests that apply to two or more cases. Only after Meta's united discovery is complete would it respond to specific requests regarding Plaintiff or the California DMV, and then only if Meta agrees those requests

1   do not "overlap" with its united discovery.  More details and negative response from all

2   Plaintiffs' counsel are available on the docket.  *Id.* at 12-18; *see also In re Meta Pixel Healthcare*

3   *Litig.*, No. 22-03580, Dkt. 211 at 2 (describing nature and scope of discovery sought by

4   *Healthcare* plaintiffs), 3-5 (proposal would case "quagmire of delay, confusion, and prejudice");

5   *In re Meta Pixel Tax Filing Cases*, No. 3:22-cv-07557, Dkt. 51 at 11-13, Dkt. 61 at 4.

6         Earlier this year in the *Healthcare* case, Judge Orrick "express[ed] [his] desire that this

7   case move to resolution, one way or the other, with dispatch," and ordered the parties to "begin

8   negotiating custodians, search terms, and other prerequisites for discovery now."  *Healthcare*

9   Dkt. 191, quoting *Healthcare* Dkt. 173.  This has forced Meta to engage with the *Healthcare*

10  Plaintiffs, as it should do in all three cases, even as the potential for coordinating on some issues

11  remains on the horizon.  In the face of this, Meta has repeatedly used this Court's 13-day stay to

12  argue that discovery in this case can wait.  *See* Dkt. 38 at 12, 13 (emphasis added, supporting

13  request to withdraw Plaintiff's discovery with claim that this Court stayed discovery "**at least**

14  **until [Judge DeMarchi's] April 20 hearing**"); Apr. 20 Tr. 147:19-148:3; Dkt. 46 at 2.

15        Meta's delay tactics are inconsistent with this Court's guidance and Order.  The disputes

16  Meta is generating before Judge DeMarchi will take time to unwind, and serve no purpose but

17  delay.  Meanwhile, Meta is using the possibility of potential discussions on coordination (after

18  Meta's discovery "unification" approach fails), to ignore the extremely limited discovery Plaintiff

19  already served in this case that is inherently unique to this case.

20

21  **II.   Meta's motion mischaracterizes the relief Meta seeks and the history of its stay request.**

22        Meta's contention here, that it seeks "to briefly extend the stay," is disingenuous.  Dkt. 46

23  at 2. Meta seeks a lengthy stay—whether technical or just in effect—that will extend **at least**

24  until, either, (1) after Judge DeMarchi outright rejects Meta's unilateral approach and imposes a

25  plan on the parties; or, more realistically, (2) after Meta finally engages with the various

26  Plaintiffs' counsel so the parties can jointly present a sensible proposal, and seek help with any

27  specific disputes.  If Judge DeMarchi were to adopt Meta's unification proposal, the "stay" would

28  extend until the *Healthcare* production is complete, and beyond, as discussed above.

Meta also elides critical context from its recitation of the procedural history. Plaintiff's counsel did not deny *any* extension, but actually offered one when it could not agree to extend Meta's deadline (again) on false premises, *i.e.*, that coordination is poised for a prompt resolution, or that the possibility the parties will eventually discuss a sensible plan warrants a blanket stay in the meantime. On April 21, Meta requested its extension on grounds that would apply until after Meta's delay tactics with Judge DeMarchi **fully** play out: "[W]e believe it is most efficient for us to wait to respond to the *Gershzon* discovery until Judge DeMarchi **enters a coordinated discovery plan**." Gardner Decl. ¶ 2 (emphasis added). As summarized above, Plaintiff must reject the proposal that discovery about the Class claims specific to *this* case should wait. Nonetheless, Plaintiff reiterated a willingness to confer with Meta regarding any objection that his requests are improper or would be duplicative, as well as any further extensions of time. *Id*. ¶ 3.

The strategic purpose of Meta's motion is evident in Meta's response to Plaintiff's compromise suggested on April 27, within hours of learning that Meta would seek this relief. Gardner Decl. ¶ 4. Plaintiff offered to further extend Meta's response deadline by the amount of time remaining until the May 23 hearing (what Meta purports to seek here) for all except three extremely targeted interrogatories (when were Meta Pixels on the California DMV website; what categories of data did they collect there; describe retention policies in effect at that time, for that data), and four document requests specific to Plaintiff and the California DMV. *Id*. Plaintiff reiterated again his willingness to confer regarding specific objections. *Id.* ¶¶ 3, 5. Meta still brought this motion. If the Court grants it, there will be another, and another, for as long as Meta is emboldened to pretend that it has meaningfully engaged on coordination.

### III. Meta fails to meet the "good cause" standard for a stay.

Met's arguments about burden and prejudice lack merit. The discovery Plaintiff seeks is limited and proportional to the needs of his independent case, and there is no prejudice to Meta in timely responding. *See, e.g., Huene v. U.S. Dep't of Treasury, I.R.S.*, No. 11-2110, 2013 WL 417747, at *8 (E.D. Cal. Jan. 31, 2013) ("That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery.") The actions referred to Judge DeMarchi are not "consolidated" or subject to JPML proceedings, distinguishing Meta's authority. *See Healthcare*

1  Dkt. 180 (order denying motion to consolidate *Tax* and *Healthcare* actions for discovery).
2  Moreover, circumstances *have* changed since the April 7 conference. It is now clear that Meta
3  seeks to exploit the referral to Judge DeMarchi to achieve delays it could not justify based on its
4  pending motion under Rule 12(b)(6). Meta's request for a lengthy stay has even less support now
5  than it did the first time this Court denied it. The merits of Meta's motion to dismiss are almost
6  fully briefed and Meta's arguments for dismissal are even weaker than its presentation in the Rule
7  26(f) Report. *Compare* Dkt. 30 at 1-7 to Dkt. 31 (motion) and Dkt. 49 (opposition).
8        If the Court grants this motion, the prejudice to Plaintiff is significant. More delay risks
9  the loss of relevant evidence and witness testimony—*still* a concern because Meta's 'unification'
10 sideshow has distracted from fundamental questions about its document preservation. Plaintiff
11 will be prejudiced in discussions before Judge DeMarchi, where Meta hopes to show that this
12 Court would support its proposal to defer and delay Plaintiff's case-specific discovery. If Meta
13 succeeds, Plaintiff will be prejudiced by waiting on discovery in larger, more complex cases to
14 obtain the evidence necessary to prove his two claims for relief on behalf of a single state Class.
15 Any stay would delay the important injunctive relief Plaintiff seeks, which is particularly
16 meaningful in the context of DMV interactions because, as discussed in Plaintiff's opposition
17 brief (Dkt. 49), Plaintiff and the Class cannot avoid Meta's surveillance through any other means.
18       Plaintiff also objects to Meta's motion on procedural grounds. Meta's request to stay
19 discovery is not "the sort of minor administrative matter" that justifies the filing of an
20 administrative motion. *See*, *e.g.*, *Morgenstein v. AT&T Mobility LLC*, No. 09-3173, 2009 WL
21 3021177, at *2 (N.D. Cal. Sept. 17, 2009) (stay request inappropriate); *Grove v. Wells Fargo Fin.*
22 *Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (request that fails to comport with local rules may be
23 summarily denied). A stipulation with Plaintiff's counsel based on Plaintiff's generous proposal
24 to grant a second extension for Meta's deadline to respond to all but the most case-specific of
25 Plaintiff's limited discovery would have been far more appropriate. Discussing that discovery
26 with Judge DeMarchi *after* meeting and conferring with Plaintiff about it would be far more
27 appropriate. Meta's motion can be denied for this reason alone.
28       The Court should deny Meta's administrative motion for all of the reasons above.

Dated: May 1, 2023

Respectfully submitted,

*/s/ Melissa Gardner*
Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Jacob H. Polin (SBN 311203)
jpolin@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street,
29th Floor San Francisco,
CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Joseph Henry (Hank) Bates, III (SBN 167688)
hbates@cbplaw.com
Allen Carney (pro hac vice)
acarney@cbplaw.com
Courtney E. Ross (pro hac vice)
cross@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th Street
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

*Counsel for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2023, I directed the electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: _____
Melissa Gardner