United States District Court
Northern District of California

1

2

3

4              UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6

7    MIKHAIL GERSHZON, individually and          Case No. 23-cv-00083-SI (VKD)
     on behalf of all others similarly situated,

8              Plaintiff,

9                                                **ORDER RE DISPUTE RE RULE 502(D)**
          v.                                     **CLAWBACK ORDER**

10                                               Re: Dkt. No. 47
     META PLATFORMS, INC.,

11             Defendant.

12

13          The parties ask the Court to resolve a dispute concerning a proposed Federal Rule of

14   Evidence 502(d) order.  Dkt. No. 47.  The parties have stipulated to most of the terms of the

15   proposed order but disagree on one point:  whether a receiving party may sequester a document

16   that a producing party has clawed back as privileged or protected pending resolution of the

17   receiving party's challenge to the clawback notice (as plaintiffs propose), or whether the receiving

18   party must instead destroy or return the clawed back document pending resolution of such a

19   challenge (as defendant proposes).  The Court finds this dispute suitable for resolution without

20   oral argument.  Civil L.R. 7-1(b).

21          The Court adopts plaintiffs' proposal.  Plaintiffs' proposal best aligns with Federal Rule of

22   Civil Procedure 26(b)(5), which permits a party to sequester material that has been produced but is

23   later subject to a privilege claim.  That rule provides in relevant part:

24          If information produced in discovery is subject to a claim of
             privilege or of protection as trial-preparation material, the party
25           making the claim may notify any party that received the information
             of the claim and the basis for it.  After being notified, *a party must*
26           *promptly return, sequester, or destroy the specified information and*
             *any copies it has*; must not use or disclose the information until the
27           claim is resolved; must take reasonable steps to retrieve the
             information if the party disclosed it before being notified; and may
28

United States District Court
Northern District of California

1

2

> promptly present the information to the court under seal for a
> determination of the claim.  The producing party must preserve the
> information until the claim is resolved.

3   Fed. R. Civ. P. 26(b)(5(B) (emphasis added).  Nothing in the approach contemplated by Rule

4   26(b)(5)(B) is inconsistent with Federal Rule of Evidence 502(d), which promotes efficient and

5   cost-effective discovery by creating conditions that permit parties to avoid the need for exhaustive

6   pre-production privilege reviews.  *See* Fed. R. Evid. 502, Addendum to Advisory Committee

7   Notes, Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence,

8   Subdivision (d)—Court orders.  Absent some concrete basis to believe plaintiffs' counsel cannot

9   or will not comply with the other requirements of Rule 26(b)(5)(B) and the other stipulated

10  provisions of the proposed order, the Court sees no reason to require a receiving party to destroy

11  or return clawed back documents during the pendency of a challenge to a producing party's

12  privilege claim.

13  For this reason, the Court adopts the following text for section 3(c) of the proposed Rule

14  502(d) order:

15  (c) Notwithstanding the provisions of section 3(a), above, if a receiving

16  party challenges a claim that a Protected Document specified in a Clawback

17  Notice is privileged or protected, the receiving party must promptly sequester the

18  Protected Document and any and all notes that reproduce, copy, or otherwise

19  disclose the substance of the Protected Documents—including all copies of such

20  notes in electronic form—and the receiving party shall not use such information

21  for any purpose, except as provided herein, until further Order of the Court or

22  upon agreement by the parties.  If the producing party's challenged clawback is

23  ultimately successful or the receiving party withdraws or fails to pursue its

24  challenge to the Clawback Notice, the receiving party must promptly return

25  and/or destroy the Protected Document and any and all notes that reproduce,

26  copy, or otherwise disclose the substance of the Protected Documents and certify

27  to the producing party when this return and/or destruction is complete.

28  //

2

1    The Court will enter plaintiffs' proposed Rule 502(d) order separately on the docket.

2          **IT IS SO ORDERED.**

3    Dated: May 2, 2023

4

5    _Virginia K. DeMarchi_
     VIRGINIA K. DEMARCHI
6    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3