1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MIKHAIL GERSHZON, on behalf of
himself and all others similarly situated,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 3:23-cv-00083-SI

**~~STIPULATED [PROPOSED]~~ FEDERAL
RULES OF EVIDENCE 502(d)
CLAWBACK ORDER**

- 1 -

## 1.   <u>**PURPOSE**</u>

Pursuant to Federal Rules of Evidence 502(d) the production or disclosure of any documents protected from discovery, including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively "privilege or protection"), and accompanying metadata ("Protected Documents"), does not, alone, result in the waiver of any privilege or protection, including subject matter waiver,  associated with such Protected Documents as to the receiving party or any third parties in this or in any other state or federal proceeding regardless of the circumstances of the disclosure.  This Paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents.  Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation.  Nothing contained herein requires the production of Protected Documents, and no party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

## 2.   <u>**CLAWBACK AGREEMENT**</u>

In the event that a producing party discovers that it produced Protected Document(s), it shall provide written notice of the claim of privilege or protection to the receiving party (a "Clawback Notice"), sufficiently identifying the Protected Document(s) within ten (10) business days after discovery.

Within seven (7) business days following the production of the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld.  Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court.

### 3.     **PROCEDURES FOLLOWING CLAWBACK NOTICE**

(a)     Within fourteen (14) business days of receipt of a Clawback Notice (regardless of whether the receiving party agrees with or plans to challenge the producing party's claim of privilege or protection), the receiving party must promptly return and/or destroy the Protected Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents and certify to the producing party when this return and/or destruction is complete.

(b)     If a receiving party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving party shall notify the producing party of its challenge within fourteen (14) business days of receiving the Clawback Notice.

(c)     Notwithstanding the provisions of section 3(a), above, if a receiving party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving party must promptly sequester the Protected Document and any and all notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents— including all copies of such notes in electronic form—and the receiving party shall not use such information for any purpose, except as provided herein, until further Order of the Court or upon agreement by the parties.  If the producing party's challenged clawback is ultimately successful or the receiving party withdraws or fails to pursue its challenge to the Clawback Notice, the receiving party must promptly return and/or destroy the Protected Document and any and all notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents and certify to the producing party when this return and/or destruction is complete.

(d)     Within ten (10) business days of the producing party receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement.  If the parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination.

(e)     The receiving party must not use or disclose the Protected Document(s) covered by the Clawback Notice during the time in which the receiving party is challenging the Protected Document(s).

### 4.      **PROCEDURES DURING DEPOSITION AND HEARING**

(a)      If, during a deposition, a producing party claims that a Document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected, the producing party may, in its sole discretion, do one or more of the following:  (a) allow the Protected Document to be used during the deposition without waiver of any claim of privilege or  protection; (b) allow questioning about the Protected Document but instruct the witness not to answer questions concerning the parts of the Protected Document containing privileged or protected material; or (c) object to the use of the Protected Document at the deposition, in which case no questions may be asked and no testimony may be given relating to the Protected Document or the privileged or protected portion of the Document until the matter has been resolved by agreement or by the Court.  In all events, once the Protected Document is no longer in use at the deposition, the receiving party shall immediately sequester all copies of the Document, pursuant to Paragraph 3(a).  As to any testimony subject to a claim of privilege or protection, the producing party shall serve a Clawback Notice  within four (4)  business days after  receipt  of  the final transcript of  the deposition, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable.  Pending determination of the any challenge to such a Clawback Notice, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 3. In the event the Court decides the clawback dispute in the receiving party's favor and the receiving party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision.

(b)      If a receiving party uses discovery materials in a brief or at a hearing, and the producing party has not served a Clawback Notice as to those materials in advance of the briefing event or hearing, the producing party must serve a Clawback Notice within four (4) business days of receipt of the briefing or the hearing.  Thereafter, the procedures set forth in Section 3 apply. The producing party, with the assistance of the receiving party as necessary, shall coordinate the removal of any protected material from the public record and file, or prepare a document to be filed by the receiving party, any necessary amended public and/or redacted filings that contain the

privileged or protected material.  Failure to serve a Clawback Notice within four (4) business days of receipt of the briefing or hearing event shall be deemed a waiver of any privilege or protection regarding the materials used therein.

5.      **MISCELLANEOUS**

Nothing in this Stipulation is intended to create an obligation for a party to conduct a privilege review of another party's discovery material.  Notwithstanding, to the extent any party is aware that it has obtained Protected Documents, the receiving party must notify the producing party that it has received or examined document(s) that are or may be subject to a claim of privilege or protection, promptly sequester the document(s), and, within ten (10) business days of such discovery, notify the producing party by identifying the bates ranges of the documents.  If the producing party determines that the documents are privileged or protected, the producing party must then provide a Clawback Notice in accordance with the procedures set forth in this Order.

~~IT IS SO STIPULATED, through Counsel of Record.~~

~~Dated: _____~~

- 5 -

*Attorneys for Plaintiffs*

**LIEFF CABRASER HEIMAN & BERNSTEIN LLP**
Michael W. Sobol, SBN 194857
David T. Rudolph, SBN 233457
Melissa Gardner, SBN 289096
Jacob H. Polin, SBN 311203
Nabila Abdallah, SBN 347764
msobol@lchb.com
drudolph@lchb.com
mgardner@lchb.com
jpolin@lchb.com
nabdallah@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

**CARNEY BATES & PULLIAM, PLLC**
Joseph Henry Bates, III, SBN 167688
Allen Carney (admitted *pro hac vice*)
Courtney E. Ross (admitted *pro hac vice*)
hbates@cbplaw.com
acarney@cbplaw.com
cross@cbplaw.com
519 W. 7th St.
Little Rock, AR, 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

*Attorneys for Defendant Meta Platforms, Inc.*

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (pro hac vice)
lgoldman@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

- 6 -

1

2    ~~TRENTON J. VAN OSS (pro hac vice)~~
     ~~tvanoss@gibsondunn.com~~
3    ~~1050 Connecticut Avenue, N.W.~~
     ~~Washington, DC 20036-5306~~
4    ~~Telephone:      (202) 955-8500~~
     ~~Facsimile:      (202) 467-0539~~
5
     **~~COOLEY LLP~~**
6    ~~MICHAEL G. RHODES (SBN 116127)~~
     ~~rhodesmg@cooley.com~~
7    ~~KYLE C. WONG (SBN 224021)~~
     ~~kwong@cooley.com~~
8    ~~CAMERON J. CLARK (SBN 313039)~~
     ~~cclark@cooley.com~~
9    ~~CAROLINE A. LEBEL (SBN 340067)~~
     ~~clebel@cooley.com~~
10   ~~3 Embarcadero Center, 20th Floor~~
     ~~San Francisco, CA 94111-4004~~
11   ~~Telephone: (415) 693-2000~~

12

13

14
                                    order is entered.
15           **IT IS ORDERED** that the forgoing ~~Agreement is approved~~.

16

17   Dated:   May 2, 2023

18
                         *Virginia K. DeMarchi*
19                       ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                               UNITED STATES MAGISTRATE JUDGE
20
                                    Virginia K. DeMarchi
21

22

23

24

25

26

27

28