| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>LAUREN R. GOLDMAN (admitted *pro hac vice*)<br>lgoldman@gibsondunn.com<br>DARCY C. HARRIS (admitted *pro hac vice*)<br>dharris@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:  (212) 351-4000<br>Facsimile:  (212) 351-4035<br><br>ELIZABETH K. MCCLOSKEY, SBN 268184<br>emccloskey@gibsondunn.com<br>ABIGAIL A. BARRERA, SBN 301746<br>abarrera@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Telephone:  (415) 393-4622<br>Facsimile:  (415) 801-7389<br><br>ANDREW M. KASABIAN, SBN 313210<br>akasabian@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071 USA<br>Telephone:  (213) 229-7311<br>Facsimile:  (213) 229-6311<br><br>*Attorneys for Defendant Meta Platforms, Inc.*<br><br>*Additional Attorneys in Signature Block* | LIEFF CABRASER HEIMANN<br>& BERNSTEIN, LLP<br>MICHAEL W. SOBOL, SBN 194857<br>msobol@lchb.com<br>DAVID T. RUDOLPH, SBN 233457<br>drudolph@lchb.com<br>MELISSA GARDNER, SBN 289096<br>mgardner@lchb.com<br>JACOB H. POLIN, SBN 311203<br>jpolin@lchb.com<br>NABILA ABDALLAH, SBN 347764<br>nabdallah@lchb.com<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: 415.956.1000<br>Facsimile: 415.956.1008<br><br>CARNEY BATES & PULLIAM, PLLC<br>JOSEPH HENRY BATES, III, SBN 167688<br>hbates@cbplaw.com<br>ALLEN CARNEY (admitted *pro hac vice*)<br>acarney@cbplaw.com<br>COURTNEY E. ROSS (admitted *pro hac vice*)<br>cross@cbplaw.com<br>519 W. 7th St.<br>Little Rock, AR, 72201<br>Telephone: 501.312.8500<br>Facsimile: 501.312.8505<br><br>*Attorneys for Plaintiff and the Proposed Class* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIKHAIL GERSHZON, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.<br><br>    Defendant. | Case No. 3:23-cv-00083-SI-VKD<br><br>**JOINT STATEMENT REGARDING ESI PROTOCOL**<br><br>Hon. Virginia K. DeMarchi |

**JOINT STATEMENT**

In accordance with the Court's direction at the April 20, 2023 Discovery Conference, *see* Dkt. No. 43, the parties in *In re Meta Pixel Healthcare Litigation*, Case No. 22-cv-3580-WHO (VKD), *In re Meta Pixel Tax Filing Cases*, Case No. 22-cv-07557-SI (VKD), and *Gershzon v. Meta*, Case No. 3:23-cv-00083-SI (VKD) have continued to meet and confer regarding the terms of the ESI Protocol. While the parties have made progress, they have been unable to reach agreement on all issues.[1] The DMV Case Plaintiff's proposed ESI Protocol is attached as Exhibit A, Meta's proposed ESI Protocol is attached as Exhibit B, and a redline comparing the DMV Case Plaintiff's proposed ESI Protocol and Meta's proposed ESI Protocol is attached as Exhibit C. The parties submit the following statements regarding the remaining disputes.

**I.     PLAINTIFF'S STATEMENT**

The DMV Case Plaintiff has conferred with the Healthcare and Tax Plaintiffs regarding the contents of their proposed ESI Protocols. Plaintiff proposes the same terms as the Healthcare Plaintiffs in Exhibit A. Plaintiff generally agrees with the reasoning of other Plaintiffs' counsel, and herein briefly supplements the basis for his agreement with their proposed provisions, including with context for the DMV case.

    **A.     Document preservation, § 5.**

Meta's offer to confer next week about Meta's electronic systems and document preservation is very late. Pursuant to this District's Guidance for ESI discovery, Meta should have had "cooperative exchanges of information at the earliest possible stage of discovery," including when Plaintiff asked Meta specific questions about data from the California DMV website during the Rule 26(f) conference. *See* Dkt. 30 at 9 (noting in March that Meta declined to say whether it considers data transmitted from the DMV website to fall within its preservation obligations); ESI Guidelines § 1.02.[2] Months ago,

---

[1] This Joint Statement refers to *In re Meta Pixel Healthcare Litigation* (Case No. 3:22-cv-03580) as the "Healthcare Case," *In re Meta Pixel Tax Filing Cases* (Case No. 3:22-cv-07557) as the "Tax Case," and *Gershzon v. Meta Platforms, Inc.* (Case No. 3:23-cv-00083) as the "DMV Case" and the plaintiff therein as the "DMV Case Plaintiff."

[2] References to "ESI Guidelines" herein refer to this District's *Guidelines for Discovery of Electronically Stored Information*, available at https://www.cand.uscourts.gov/filelibrary/1117/ESI_Guidelines-12-1-2015.pdf.

Meta should have identified an e-discovery liaison with "knowledge about[] the party's electronic systems and capabilities in order to explain those systems and answer related questions." ESI Guidelines § 2.05.  Instead, even during the parties' final meet and confer regarding an ESI Protocol earlier today, Meta again offered only outside counsel unprepared to answer basic questions.

As of this filing, therefore, Plaintiff still has no idea whether Meta's proposals to forego preserving "temporary internet files, history, cache, cookies, and the like," or "[d]ata in metadata fields that are frequently updated automatically" would implicate the availability of relevant, non-duplicative information in Meta's possession. *See also, e.g.*, Dkt. 38 at 6-7 ("Meta could not say whether data it obtains via the Meta Pixel is stored within dynamic fields, and thus overwritten with the passage of time"). Such information *could* be the *best* available data for central issues in this case.  Meta may argue, for example at class certification, that information about transmissions from the DMV website is unavailable so that individual questions about what was transmitted, or about whom information was transmitted, predominate over common questions.  A failure to preserve non-duplicative evidence to rebut such arguments would be extremely prejudicial to Plaintiff and the putative Class.

If Meta provides sufficient information next week for informed discussions, Plaintiff will not hesitate to agree to reasonable, proportional, and non-prejudicial exclusions from Meta's preservation obligations.  Plaintiff cannot make such agreement today, certainly not on the basis that Meta suggests, *i.e.*, that these categories of information are not searched in many cases.  Not every case involves liability for technical transmissions through website code as here.

Plaintiff thus adopts the Healthcare Plaintiffs' proposal.  Like Meta's proposal to defer an order on preservation, the Healthcare proposal still leaves open the possibility that stipulations could be reached, it simply does not require them to be reached.  It also maintains Meta's ability to seek further relief by showing good cause, if (after Meta provides the needed insight) Plaintiffs' counsel turn out to be unreasonable.  This is a sensible approach where the defendant has, thus far, failed to follow not only the guidance from this District regarding information-sharing, but specific instruction from this Court. *See* Hearing Tr. at 54-55 ("most important . . . is to have a kind of candid discussion about what are the relevant data sources in the first place").

B.  **Document families, § Appendix 1, § 1**

Meta acknowledged during the hearing on April 20 that Meta uses tools that generate hyperlinks. Hearing Tr. at 108: 10-14. During the parties' May 9 meet and confer, Meta indicated that it could provide some information about the volume of such occurrences next week, but not in advance of this filing. Further, Meta has not convincingly demonstrated that it is unduly burdensome for *Meta* to maintain family relationships between emails and hyperlinks, only that litigants in other cases have not always been required to do so. Plaintiff has no intention to require something disproportionate to the needs of this case, but Plaintiff has not received the information to evaluate proportionality factors such as (1) the importance of this discovery (*i.e.* the volume) and (2) the actual burden and expense (what is feasible and reasonable). As such, Plaintiff adopts the Healthcare Plaintiffs' proposal requiring that family relationships be maintained.

C.  **Email threading, § 7.**

Meta previously informed Plaintiff that it could not maintain metadata associated with "threaded" emails, except for the last date in time, and possibly the first date. *See* Dkt. 38 at 4, 9. Meta's negotiated ESI Protocol in other recent litigation indicates that Meta has broader capabilities; the parties there agreed to maintain and produce all dates, as well as other metadata: "Where a Last In Time E-Mail is produced, the producing party will include metadata corresponding to the following metadata fields for **each** of the earlier thread members fully contained within the Last In Time E-mail: Sent Date, Sender, Recipient, CC, BCC, and Subject." *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-02843-VC-JSC, Dkt. 416 § F (N.D. Cal.). Meta's counsel agreed to look into the discrepancy between their information and Meta's past agreements.

Given this evidence that Meta may, in fact, be able to produce more information for threaded emails, Plaintiff adopts the Healthcare proposal, which is a compromise from Plaintiff's initial position that threading should be disallowed. Threading reduces the burden on Meta of reviewing emails. It is only fair to help offset the challenges that this accommodation introduces for the Receiving Party by requiring, at a minimum, that metadata be produced. *See In re Actos Antitrust Litig.*, 340 F.R.D. 549, 552 (S.D.N.Y. 2022) (ordering production of lesser-included emails where email threading "materially

ha[d] reduced Plaintiffs' ability to search for all correspondence within a date range . . . [and] removed Plaintiffs' ability to see if anyone was blind-copied on lesser included emails.")

### D. Logging withheld information, § 9.

In connection with the dispute over redaction logs (*see* Dkt. 56 at 2-3), Plaintiff's position is that redactions for source code would properly be considered among the "similar doctrines" referenced in this Section as proposed. In the event Meta demonstrates that logging such redactions would impose an undue burden, it is also Plaintiff's position that Meta could alternatively provide this information in a metadata field, such as one for "REDACTIONREASON" identifying source code redactions as such. If Meta shows *that* would be burdensome, Plaintiff believes it would be far less so than requiring document-by-document analysis and note-taking of the reason for redactions by the Receiving Party.

## II. META'S STATEMENT

Because the DMV Case Plaintiff largely incorporates the positions stated by the Healthcare Plaintiffs, Meta incorporates its positions from the joint statement filed in that case concerning the ESI protocol as if fully stated herein. Meta further responds as follows:

### A. Document Preservation

In addition to its statements on this topic in the *Healthcare* case, Meta rejects the suggestion by the DMV Case Plaintiff that Meta has neglected to have "cooperative exchanges of information" with the DMV Case Plaintiff, who paints an inaccurate picture of the parties' prior discussions concerning document preservation.

### B. Document Families and Linked Documents

The DMV Case Plaintiff misleadingly asserts that "Meta has not convincingly demonstrated that it is unduly burdensome for Meta to *maintain* family relationships between emails and hyperlinks, only that litigants in other cases have not always been required to do so" (emphasis added). In addition to its statements on this topic in the *Healthcare* case, Meta notes that this statement inaccurately presupposes that there *are* "family relationships" between emails and hyperlinks to "maintain" in the first place.

Meta has repeatedly and unequivocally stated that no such family relationships exist for documents containing embedded links, and the Court similarly acknowledged this basic fact. *See* Apr.

20, 2023 Tr. at 102:11-12, 103:1–4, 11-12 (the Court stating that "[h]yperlinked documents are not like regular attachment emails. They just aren't. . . . [T]he only appropriate way to handle this is [] on a case-by-case basis" because associating hyperlinked documents "could be very, very burdensome."). Plaintiffs are trying to impose on Meta an obligation to create new "family" associations that do not currently exist, and the Court should reject this proposal.

### C. Email Threading and Metadata

In addition to its statements on this topic in the *Healthcare* case, Meta notes that the DMV Case Plaintiff references an ESI protocol entered in a separate, unrelated litigation involving Meta, which contains a provision about email threading and metadata. Plaintiff only provided this information for the first time today, so Meta has not had an adequate opportunity to assess it in the context of this case. Meta reserves the right to respond further after a reasonable opportunity to consult with Meta's e-Discovery resources.

### D. Plaintiff's "Redaction Log" Proposal

In a filing last week, the Tax Plaintiffs and the DMV Case Plaintiff proposed that the protective orders in these actions should require Meta to maintain and provide, on ten days' notice, a "redaction" log separate and apart from any privilege log. Plaintiffs want this log to reflect instances where Meta redacted highly confidential source code in documents produced in the normal course. *See In re Meta Pixel Tax Filings Cases*, No. 3:22-cv-07557-SI, Dkt. 68 at 2–3; *Gershzon v. Meta*, No. 3:23-cv-00083-SI, Dkt. 56 at 2–3. As Meta explained in the joint statements regarding the protective order, Plaintiffs' proposed redaction log would serve no purpose, including because Meta's productions will already identify the basis for any such redactions as "source code" on the face of the document, and because Plaintiffs are permitted under Meta's proposal to view relevant source code in a source code review room. *See In re Meta Pixel Tax Filings Cases*, No. 3:22-cv-07557-SI, Dkt. 68 at 3–5.

Now, the DMV Case Plaintiff is trying to read a new requirement into the "privilege log" section of the ESI protocol in order to impose an additional source-code-redaction-log requirement. The DMV Case Plaintiff asserts that the basis for his demanded source code redaction log is a "similar doctrine[]" to privilege and attorney work product. Meta disagrees. Privilege and attorney work product are specific doctrines that are specifically and separately addressed in the discovery process in accordance

-6-
JOINT STATEMENT REGARDING ESI PROTOCOL
CASE NO. 3:23-CV-00083-SI-VKD

-7-

1  with established rules and procedures. Source Code is a different concept entirely, and the highly
2  confidential nature of Source Code information is addressed in the protective order. The DMV Case
3  Plaintiff's position is an unreasonable and untenable interpretation of the privilege log provision, and
4  it should be rejected.

5  There also is no basis to require Meta to create and populate a new, custom metadata field
6  showing the reason for any redaction within a document. Again, Meta's productions will identify the
7  reason for the redaction on the face of the document. *And* Meta has already agreed to provide the
8  metadata field "REDACTIONS," which indicates whether a redaction exists within a
9  document. Anything more would be unnecessarily burdensome.

| | | |
|---|---|---|
| Dated: May 9, 2023 | | **GIBSON, DUNN & CRUTCHER LLP** |
| | By: | */s/ Lauren Goldman* |
| | | Lauren Goldman |

                        LAUREN R. GOLDMAN (admitted *pro hac vice*)
                        DARCY C. HARRIS (admitted *pro hac vice*)
                        lgoldman@gibsondunn.com
                        dharris@gibsondunn.com
                        200 Park Avenue
                        New York, NY 10166
                        Telephone:  (212) 351-4000
                        Facsimile:  (212) 351-4035

                        ELIZABETH K. MCCLOSKEY, SBN 268184
                        ABIGAIL A. BARRERA, SBN 301746
                        emccloskey@gibsondunn.com
                        abarrera@gibsondunn.com
                        555 Mission Street, Suite 3000
                        San Francisco, CA 94105
                        Telephone:  (415) 393-8200
                        Facsimile:  (415) 393-8306

**COOLEY LLP**

By:   */s/ Michael G. Rhodes*
       Michael G. Rhodes

                        MICHAEL G. RHODES, SBN 116127
                        KYLE C. WONG, SBN 224021
                        CAROLINE A. LEBEL, SBN 340067
                        rhodesmg@cooley.com
                        kwong@cooley.com
                        clebel@cooley.com
                        3 Embarcadero Center, 20th Floor
                        San Francisco, CA 94111-4004
                        Telephone:  (415) 693-2000
                        Facsimile:  (415) 693-2222

*Attorneys for Meta Platforms, Inc.*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

By: */s/ Melissa Gardner*
Melissa Gardner

MICHAEL W. SOBOL, SBN 194857
DAVID T. RUDOLPH, SBN 233457
MELISSA GARDNER, SBN 289096
JACOB H. POLIN, SBN 311203
NABILA ABDALLAH, SBN 347764
msobol@lchb.com
drudolph@lchb.com
mgardner@lchb.com
jpolin@lchb.com
nabdallah@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

**CARNEY BATES & PULLIAM, PLLC**

By: */s/ Allen Carney*
Allen Carney

JOSEPH HENRY BATES, III, SBN 167688
ALLEN CARNEY (admitted *pro hac vice*)
COURTNEY E. ROSS (admitted *pro hac vice*)
hbates@cbplaw.com
acarney@cbplaw.com
cross@cbplaw.com
519 W. 7th St.
Little Rock, AR, 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

*Attorneys for Plaintiff and the Proposed Class*

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: May 9, 2023          By:    */s/ Lauren Goldman*

                                                  Lauren Goldman