fGIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:　(212) 351-4000
Facsimile:　(212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:　(415) 393-4622
Facsimile:　(415) 801-7389

ANDREW M. KASABIAN, SBN 313210
akasabian@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071 USA
Telephone:　(213) 229-7311
Facsimile:　(213) 229-6311
akasabian@gibsondunn.com

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:　(415) 693-2000
Facsimile:　(415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.
(formerly known as Facebook, Inc.)*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| MIKHAIL GERSHZON, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>META PLATFORMS, INC.<br><br>　　　　　　Defendant. | Case No. 3:23-cv-00083-SI<br><br>**DEFENDANT META PLATFORMS, INC.'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Action Filed: January 6, 2023<br><br>Date: June 9, 2023<br>Time: 10:00 AM<br>Courtroom: 1<br>Before: Hon. Susan Illston |

1    Plaintiff opposes Meta's Request for Judicial Notice, claiming that Meta seeks to "establish

2   disputed facts" without satisfying the standards for judicial notice or the incorporation by reference

3   doctrine.  RJN Opp. at 1.  But the publicly available online materials Meta submitted do not raise any

4   disputes of fact, and ample caselaw allows documents just like these to be considered on a motion to

5   dismiss.  Plaintiff's sweeping opposition does not identify a valid or reasonable basis for why the Court

6   cannot consider these documents, and this Court should grant Meta's Request for Judicial Notice.[1]

7   **A.      The Exhibits Are Subject to Judicial Notice.**

8           Under Federal Rule of Evidence 201, a court can take judicial notice of certain facts "if a party

9   requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c).  Rule 201

10  allows a court to take judicial notice of facts that are "not subject to reasonable dispute because . . .

11  [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be

12  questioned."  Fed. R. Evid. 201(b)(2).  Materials and information found on public websites (including

13  terms of service) are regularly subject to judicial notice.  *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*,

14  629 F.3d 992, 998–99 (9th Cir. 2010); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d

15  139, 146 (N.D. Cal. 2020); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829–31 (N.D. Cal.

16  2019); *Shaw v. Gera*, 2019 WL 4933636, at *2 (N.D. Cal. Oct. 7, 2019); *In re Eventbrite, Inc. Sec.*

17  *Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020).  Plaintiff's scattershot opposition to Meta's

18  exhibits—all of which are found on public websites—fails to demonstrate that these exhibits are not

19  subject to judicial notice.

20          Plaintiff's bald assertion that the accuracy of the documents on Meta's website "can reasonably

21  be questioned," RJN Opp. at 2, lacks merit.  To begin, courts take judicial notice of Meta's policies,

22  including when such notice is contested.  *See, e.g.*, *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d at

23  829.  According to plaintiff, because the documents could have changed over time, they may

24  theoretically "not reflect the evidence relevant to the actual claims asserted."  RJN Opp. at 2.  If that

25  were enough, courts would never take judicial notice of websites.  And notably, plaintiff has not shown

26

27

28
_____

[1] Plaintiff's Opposition to Meta's Request for Judicial Notice blends his arguments as to why judicial
notice is improper with his argument about why the motion to dismiss should not be granted based
on the Exhibits.  This reply is limited to addressing why judicial notice is proper.

that any of these exhibits are inaccurate copies of the webpages, that the statements in these webpages are not in the public domain, or that the documents are in Meta's "sole possession." *In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 919–20 (N.D. Cal. 2020). Moreover, each iteration of Meta's policies is publicly available in an online archive and, in any event, the relevant provisions of each policy stayed materially the same over time.[2]

Plaintiff also challenges all of the exhibits on the grounds that they are not properly admissible, pointing to a single non-California district court decision that did not concern websites. *See* RJN Opp. at 2. Meta submitted the exhibits with a declaration that states the web address where the exhibits could be found and that they are "true and correct copies of the website pages." *Crouch v. Ruby Corp.*, --- F. Supp. 3d ----, 2022 WL 16747282, at *2 (S.D. Cal. 2022) (granting request for judicial notice). That is enough. *See, e.g.*, *Nevarez v. Canyon Lakes Golf Course & Brewery*, 2017 WL 5479649, at *3 (N.D. Cal. Nov. 5, 2017) (granting judicial notice of webpages over authenticity challenged where the declaration noted the web address); *Manzano v. S. Indian Health Council, Inc.*, 2021 WL 2826072, at *3 (S.D. Cal. July 7, 2021) (overruling authentication challenge where declaration stated the exhibit was "a true and correct copy"); *Peccia v. Dep't of Corrections & Rehabilitation*, 2021 WL 3563489, at *4 (E.D. Cal. Aug. 12, 2021) (same).

Moreover, Meta is not seeking judicial notice in order to prove what plaintiff "would have viewed" at any given time. RJN Opp. at 2; *see id.* at 3. Whether plaintiff actually viewed any of the documents is beside the point: Federal Rule of Evidence 201(b) permits a court to judicially notice facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. In other words, whether a source is judicially noticeable depends on its reliability and

---

[2] https://www.facebook.com/privacy/policy?show_versions=1 (Privacy Policy); https://web.archive.org/web/20230000000000*/https://www.facebook.com/legal/terms (Terms of Service); https://web.archive.org/web/20230000000000*/https://www.facebook.com/privacy/policies/cookies (Cookies Policy); https://web.archive.org/web/20230000000000*/https://www.facebook.com/legal/commercial_terms (Commercial Terms); https://web.archive.org/web/20230000000000*/https://www.facebook.com/legal/terms/businesstools (Business Tools Terms). "[D]istrict courts in this circuit have routinely taken judicial notice of contents from the Internet Archive's Wayback Machine." *Parziale v. HP, Inc.*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) (citing cases).

relevance, not whether plaintiff claims to have seen or relied on it. *See Parziale*, 2020 WL 5798274, at \*3 ("The Court finds the [webpage at issue] to be relevant and inherently reliable, and therefore takes judicial notice of [it]."). Similarly, Meta requests judicial notice of the various websites for the purpose of establishing what was in the public realm. *See, e.g., Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *United States ex rel. Hong v. Newport Sensors, Inc.*, 728 F. App'x 660, 661 (9th Cir. 2018) (affirming judicial notice of the fact that seven documents located on UC Irvine's faculty website were "publicly available").

Plaintiff also challenges the exhibits on the grounds that they are used to purportedly establish facts in dispute and the meaning of the policies are in dispute. *See* RJN Opp. at 2–3. But plaintiff's objection doesn't address the *fact* of the existence of Meta's publicly-available policies nor does this objection address what these policies say on their face. Moreover, plaintiff points to no well-pled allegations that purport to conflict with the exhibits and therefore plaintiff's unsupported notion that the exhibits somehow contain "disputed facts" is baseless.[3] *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *see In re Tesla*, 477 F. Supp. 3d at 919. Rather, the exhibits are useful "to provide context for the allegations." *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022).

**B.  Exhibits 2, 3, 7, 8, and 9 are Subject to the Incorporation by Reference Doctrine.**

Under the incorporation by reference doctrine, a district court may, when ruling on a motion to dismiss, consider documents outside the complaint when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. Under that doctrine, Exhibits 2 (Meta's Privacy Policy), 3 (Meta's Cookies Policy), and

---

[3] In any event, the Ninth Circuit has clarified that if a court takes judicial notice of a document, "it must specify what facts it judicially noticed from the document." *Rutter v. Apple Inc.*, 2022 WL 1443336, at \*2 (N.D. Cal. May 6, 2022) (citing *Khoja*, 899 F.3d at 999). Therefore, the court can clarify what specific facts it is judicially noticing, as opposed to rejecting judicial notice outright.

7–9 (Meta blog posts) should be deemed incorporated by reference. Repeating many of his judicial notice arguments, plaintiff claims incorporation by reference is improper. These arguments again fall flat.

Relying on a mischaracterization of *Khoja*, plaintiff claims that these documents do not provide the basis for his claims and accuses Meta of using these documents to construct counter narratives and "defenses to Plaintiff's claims." RJN Opp. at 4. But *Khoja* actually supports Meta's requests, as it is plaintiff who attempts to craft a counter narrative based on mischaracterization of documents he now seeks to hide from the Court's consideration. As *Khoja* makes clear, the doctrine of incorporation by reference is designed to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." 899 F.3d at 1002–03; *see also Knievel*, 393 F.3d at 1076 ("Just as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages."). Incorporation by reference is warranted here for those exact reasons, as plaintiff alleges that users are not advised about Meta's collection of their personal information, Meta does not have their consent, and Meta knowingly obtained such information without authorization, yet also cites to Meta's Privacy Policy and Cookies Policy. *See, e.g.*, Compl. ¶¶ 31, 54, 62.

Despite plaintiff's insistence that Meta did not have his consent to receive information via the Pixel, Meta's policies—specifically its Privacy Policy—lays out Meta's practice and plaintiff's consent to that practice. Similarly, plaintiff's insistence that Meta obtained his information intentionally, is belied by Meta's policies and posts that make clear it only wants to receive information it has permission to receive. To credit plaintiff's allegations yet wholly ignore the context from Meta's cited documents would undermine the very purpose of the incorporation by reference doctrine. And plaintiff's claim that Meta's Privacy Policy and Cookies Policy (Exhibits 2 and 3) are "of limited . . . relevance," RJN Opp. at 3, is particularly "unlikely" as plaintiff quotes from those exhibits in her complaint. *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1079 (C.D. Cal. 2021); *see* Compl. ¶¶ 21, 23.

Plaintiff also repeats his argument that the documents somehow are not authentic. RJN Opp. at 4. As explained above, the authentication argument falls flat.

Plaintiff's final contention is that most of Meta's authorities in its request for judicial notice are deficient. RJN Opp. at 5. *First*, that some of these decisions pre-date *Khoja* has no bearing on their validity, as nothing in *Khoja* undermines the fundamental premise that courts may take judicial notice of websites or otherwise undermines Meta's arguments. Ample post-*Khoja* authority supports Meta's positions, as Meta's request and reply make clear. *See, e.g.*, *Threshold Enters.*, 445 F. Supp. 3d at 146; *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d at 829–31; *Shaw*, 2019 WL 4933636, at *2; *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7. *Second*, plaintiff notes that two of Meta's cited cases were not decided at the motion to dismiss stage, even though the standard for judicial notice does not vary based on the particular procedural posture. *Compare Threshold Enters.*, 445 F. Supp. 3d at 145–46, *with Singanonh v. Langslet*, 2020 WL 7239586, at *2 (E.D. Cal. Dec. 9, 2020). *Third*, plaintiff claims that the parties in several of the cited cases did not contest the document's authenticity (for judicial notice) or did not dispute that the document formed the basis of plaintiff's claims (for incorporation by reference). But as explained above, plaintiff's arguments contesting the exhibits based on their authenticity or that they form the basis of his claims fail, and therefore plaintiff's attempt to distinguish these cases falls short.

## CONCLUSION

Under the incorporation by reference doctrine and Federal Rule of Evidence 201, and for the reasons stated above and in Meta's request for judicial notice, the Court should consider Exhibits 1 through 9 to the Barrera Declaration (ECF No. 31-2) when ruling on Meta's motion to dismiss.

Dated: May 19, 2023

**GIBSON, DUNN & CRUTCHER LLP**

By:     _/s/ Lauren R. Goldman_
        Lauren  R. Goldman

**COOLEY LLP**

By:     _/s/  Michael G. Rhodes_
        Michael G. Rhodes

_Attorneys for Meta Platforms, Inc._

## CIVIL L.R. 5-1(h)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: May 19, 2023                    GIBSON, DUNN & CRUTCHER LLP

                                       By:   /s/ Lauren R. Goldman
                                             Lauren R. Goldman