UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL GERSHZON, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 23-cv-00083-SI (VKD)<br><br>**ORDER RE PRESERVATION OF EVIDENCE; REQUESTING PARTIES' VIEWS** |

On May 23, 2023, the Court held a discovery conference in this matter and invited an update regarding the status of the parties' discussions about the preservation of data sources or categories of ESI. With respect to plaintiffs' preservation of ESI, the parties report that they have not yet reached agreement, but expect that further discussion may lead to an agreement. With respect to Meta's preservation of ESI, the parties report that Meta has recently shared a substantial amount of information about potentially relevant and responsive sources of ESI. While the parties have not completed their discussions about these sources or about Meta's preservation obligations, plaintiffs believe that the Court will need to address the preservation issue and that it is time-sensitive, given the nature of the ESI in question.

In view of the discussion at the hearing, the Court expects that its expedited discovery dispute resolution procedures may not be the best mechanism to address disputes about Meta's preservation of ESI. The Court asks the parties to confer and respond jointly with their views on the following:

1. Should the Court permit the parties to brief any remaining disputes about Meta's preservation of ESI as a regularly noticed motion under Civil L.R. 7, or can the

    disputes be addressed most efficiently using the Court's expedited discovery dispute resolution procedure?

2. If the parties' remaining disputes about Meta's preservation of ESI require consideration of highly technical issues bearing on the feasibility of preserving certain data or data sources maintained by Meta, the Court is inclined to appoint a technical expert as a special master to assist the Court and the parties in resolving such disputes. What are the parties' views on whether the Court should appoint a special master for this purpose?[1]

The parties' joint response to this order is due by **June 1, 2023** and may not exceed five pages total.

**IT IS SO ORDERED.**

Dated: May 24, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] After receiving the parties' views on this question, the Court will give the parties notice and an opportunity to be heard, as required by Rule 53(b), before ordering appointment of a special master.

2