**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

NATALIE J. HAUSKNECHT (*pro hac vice*)
nhausknecht@gibsondunn.com
1900 Lawrence Street Suite 3000
Denver, CO 80202
Telephone: (303) 298-5783
Facsimile: (303) 313-2800

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MIKHAIL GERSHZON, ANACLETO DELEON, and JEFFREY DIETRICH, on behalf of themselves and all other similarly situated,

Plaintiffs

v.

META PLATFORMS, INC.,

Defendant.

Case No. 3:23-cv-00083-SI (VKD)

**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in this action. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f) in support of plaintiffs' Omnibus Administrative Motion to File Under Seal (Dkt. No. 187). Meta now submits this declaration in support of sealing narrowly tailored portions of plaintiffs' Reply in Support of Class Certification, Notice of Motion and Motion to Exclude Anindya Ghose, Ph.D., Georgios Zervas, Ph.D., and On Amir, Ph.D., and supporting exhibits (together the "Briefs and Exhibits"). The redactions relate to specific, non-public content in the Briefs and Exhibits that reflect (1) information about Meta's proprietary data storage systems, including the names of specific fields Meta's systems; and (2) highly sensitive details about Meta's matching technologies.

3. Meta meets the "compelling reasons" standard for sealing material filed in connection with a motion for class certification. *Eng. v. Apple Inc.*, No. 14-CV-01619-WHO, 2015 WL 13427750 (N.D. Cal. Aug. 6, 2015); *see also, e.g., Yan Mei Zheng v. Toyota Motor Corp.*, No. 17-CV-06591-BLF, 2019 WL 6841324 (N.D. Cal. Dec. 16, 2019); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210 (N.D. Cal. Mar. 24, 2020). Under this standard, the public's right to inspect and access court records "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-CV-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-CV-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1122, 1135 (9th Cir. 2003). Meta is asking to seal only information which provides insight into specific, non-public aspects of its data storage systems and highly sensitive details about Meta's proprietary matching technologies.

4. Sealing is appropriate here for several reasons. *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Meta asks the Court to seal only those parts of the Briefs and Exhibits which reveal proprietary, commercially sensitive, and confidential information. *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Meta is likely to suffer harm if the highly confidential information described above is made public. Further, the information in Meta's narrow redactions is not critical to the public's understanding of this case.

5. Competitive harm is likely if Meta's highly confidential information is made public. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Disclosure of the information Meta seeks to seal would provide these competitors with unfair insight into how Meta's systems are designed and operate, giving competitors the ability to "duplicate features of" Meta's systems and technical infrastructure "which could cause competitive harm." *In re Google Inc. Gmail Litig.,* 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail operates"). Further, the information regarding Meta's non-public data storage systems and matching technologies is sufficient to give Meta's competitors insight into how Meta's systems are designed and operate.

6. Courts routinely seal the specific types of information Meta seeks to seal here. For example, in *Bottoms v. Block, Inc.*, the court found that compelling interests warranted sealing of

specific fields in Block's database. *See* No. 23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (compelling interests warrant sealing "the confidential name of a Block database used to store information related to the Cash App Invite Friends program, and the confidential names and descriptions of certain fields of data stored in the database"). Similarly, in *Calhoun v. Google LLC*, the court granted a motion to seal "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions." No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022); *Ojmar US LLC v. Sec. People, Inc.,* No. 16-CV-04948-HSG, 2016 WL 6091543 (N.D. Cal. Oct. 19, 2016), at *2 (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices").

7. Meta proposes narrowly tailored redactions that would keep only its most sensitive, non-public material sealed. Plaintiffs do not object to any of Meta's proposed narrowed redactions.

8. Meta's position regarding material in the Briefs and Exhibits that should be sealed is set forth in the following table:

| **Document** | **Portions of Document to Be Sealed** | **Designating Party** | **Reason for Redaction** |
|---|---|---|---|
| Exhibit 30<br>(Dkt. No. 187-3) | Parts of page 3, paragraph 8; page 6, paragraph 12.<br>(highlighted in Dkt. 192-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's data storage systems, including the names of specific fields within Meta's systems. If this information were disclosed, it would competitively harm Meta. |
| Exhibit 39<br>(Dkt. No. 187-7) | Parts of page 161, lines 13-16. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary matching |

| | | | |
|---|---|---|---|
| | (highlighted in Dkt. 192-2) | | technologies. If this information were disclosed, it would competitively harm Meta. |
| Exhibit 43<br><br>(Dkt. No. 187-9) | Parts of page 158, lines 18-24.<br><br>(highlighted in Dkt. 192-3) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary matching technologies. If this information were disclosed, it would competitively harm Meta. |
| Plaintiffs' Opposition to Defendant's Motion to Exclude Serge Egelman, Ph.D.<br><br>(Dkt. No. 187-11) | Parts of page 4, lines 19-20, 22; page 10, lines 1, 3-5; page 12, lines 12-16; page 17, lines 8-11; page 19, line 2.<br><br>(highlighted in Dkt. 192-4) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary matching technologies. If this information were disclosed, it would competitively harm Meta. |
| Plaintiffs' Notice of Motion and Motion to Exclude Anindya Ghose, Ph.D., Georgios Zervas, Ph.D., and On Amir, Ph.D.<br><br>(Dkt. No. 187-10) | Parts of page 5, line 15.<br><br>(highlighted in Dkt. 192-5) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's data storage systems, including the names of specific fields within Meta's systems. If this information were disclosed, it would competitively harm Meta. |
| Plaintiffs' Reply in Support of Class Certification<br><br>(Dkt. No. 187-12) | Parts of page 14, lines 23-24, 26-28; page 15, line 1.<br><br>(highlighted in Dkt. 192-6) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary matching technologies. If this information were disclosed, it would competitively harm Meta. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of May 2026 in New York, New York.

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman